## Commonwealth *versus* Smith.

1. A testator died in March, 1833, having devised his real estate to his wife for life, and after her death the property was to be sold, and distribution made among the collateral kindred of himself and wife. The widow died in March, 1850, and the estate was sold in that year. In 1826, estates passing either by devise, or under the intestate laws, except to or for the use of father, mother, husband, wife, children, or lineal descendants, were subjected to a tax of 2½ per cent. The 13th section of the Act of 10th April, 1849, provided, where estates have been devised to a widow or other person during life, and the remainder to collateral heirs, that immediately after the death of the testator the estate shall be appraised, and after deducting the valuation of the life estate, the collateral inheritance tax on the remainder shall be immediately due and payable; and the 14th section imposes, as to all estates of decedents who *have been* dead more than one year and which estates are subject to collateral inheritance tax, interest from the death of the decedent on all taxes not paid, at the rate of 12 per cent., unless the tax be paid within nine months from the passage of the act:

It was *held*, that the estate in remainder was within the words of the Act of 1849, and the tax not being paid within the the time specified, was liable to 12 per cent. interest from the death of the testator.

2. *Held*, that the administrator with the will annexed was bound to pay, for the use of the Commonwealth, 2½ per cent. on the fair market value, at the death of the testator, of the interest which the collateral kindred took in the estate, the then value of *the life estate* being deducted; and also twelve per cent. interest per annum, from the death of the testator.

3. The case stated being defectively stated, the writ of error was quashed.

ERROR to the Common Pleas of *Westmoreland county.*

The question in this case was as to the amount of collateral inheritance tax. In a case stated as between the Commonwealth, as plaintiff, and B. B. Smith, administrator, *cum test. an.*, of Andrew Robertson, deceased, the following facts were submitted to the Court, to be considered in the nature of a special verdict:

Andrew Robertson, the defendant's testator, died in March, 1833, leaving a widow, named Martha, and collateral kindred. By his last will and testament, approved on the 19th day of March, 1833, he devised his real estate to his widow during her life, and at her death, he directed and ordered his executors to sell the same and distribute the proceeds among the collateral kindred of himself and of his wife.

Martha Robertson, the widow of the testator, died in March, 1850, and after her death, the defendant, as administrator, *cum test. an.*, under an order of Court, made sale of 318½ acres of said real estate, on the ———— day of August, 1850, for the sum

[Commonwealth *v.* Smith.]

of twelve thousand seven hundred and forty dollars, and of this sum, after the payment of the expenses of administration, the sum of twelve thousand five hundred and eighty dollars and ten cents was the balance for distribution, except the item *of collateral inheritance tax.*

If the Court should be of opinion that the estate is not subject to the payment of collateral inheritance tax, then judgment for the defendant. But if of opinion otherwise, then the judgment to be entered for the plaintiff, fixing the rate, per centum, at which said tax is to be charged, and the rate of interest (if any) upon the same, and the time at which said interest commences to run upon said tax, so that the amount of said judgment may be liquidated by the attorneys.

Either party to be at liberty to take a writ of error. Witness our hands and seals, this 20th May, 1851. Signed by the register, for the Commonwealth, and by the administrator.

May 30th, 1851, judgment that the said tax be assessed at $2\frac{1}{2}$ per cent., without interest or costs, except the cost of this case. By the Court.

It was assigned for error: 1. The Court erred in not entering judgment for the 5 per cent. tax, with 12 per cent. interest from the death of the tenant for life.

2. If the correct tax was adjudged, the Court erred in not charging interest from the death of the testator.

. 3. The Court erred in not charging penal costs.

The Act of 7th April, 1826, imposed a collateral inheritance tax of $2\frac{1}{2}$ per cent. on all *estates* passing under will or under the intestate laws, other than to or for the use of father, mother, husband, wife, children, and lineal descendants born in lawful wedlock. The Act of 22d April, 1846, increased the tax to *five* per cent. of the value of estates passing from persons *dying after the 1st May next.* The 13th section of the Act of 10th April, 1849, provides that, where any person shall devise an estate, real or personal, to a father, widow, or other person, during life, and the remainder to collateral heirs, immediately after the death of the testator, the estate shall be appraised, and, after deducting the valuation of the life estate, the collateral inheritance tax on the remainder shall be immediately due and payable to the register of wills; and when the tax is not paid it shall remain a lien against the estate.

The 14th section provides that, on all estates of decedents *who have been dead* more than one year, and whose estates are subject to the payment of a collateral inheritance tax, if said tax has not been paid, interest from the death of the decedent shall be charged at the rate of *twelve per cent.* per annum, on said tax, unless the

ɪ 2

[Commonwealth *v.* Smith.]

same shall be paid within nine months from the passage of this Act.

The 12th section provides for the appraisement of estates subject to collateral inheritance tax, by an appraiser designated by the register of wills, and the assessor of the ward or township.

*Stokes,* on part of the Commonwealth.—It was contended that though the estate in remainder may have immediately vested, yet the tax was not imposed, by the Act of 1826, *on such estate,* but on the land itself. If, under the terms of the Act of 1826, the tax was not collectable till the death of the widow, the Acts of 1826 and 1849 should reasonably be construed together, and the 12 per cent., interest, charged from the death of the widow, on whose demise the property took a collateral direction. But it was submitted that if the property was subject to tax in 1833, on the death of the testator, the tax imposed by that Act was collectable ; and if collectable and not paid, interest was chargeable. The interest was imposed as a penalty for the non-payment of the tax in a year after it became chargeable on the property. It was submitted that it would be better to make the tax first assessable on the death of the widow, and thus avoid interest on long life-estates, and that it did not seem to have been the view of the officers of the state before the Act of 1849, that the tax was chargeable or collectable during the continuance of the life-estate in the widow.

*Cowan,* for defendant in error.—The Act of 1846 is applicable only to the estates of persons dying after the 1st May, 1846. This testator died in 1833, and the rate is fixed by the Act of 1826, at 2½ per cent. The Act of 1849 imposed the interest of 12 per cent., but it only contemplated charging interest on such taxes as were, at the time of its passage, due and unpaid for an unreasonable time, or might afterwards be so. It was contended, that it is only since the death of the widow that the estate was in such a situation as that the tax could be demanded and paid.

By applying to the case the Act of 1849, sixteen years' interest, viz., from 1833 till 1849, would be added, before, by any previous law, any interest was charged ; and till after the death of the widow, in 1850, the estate could not be converted so as to ascertain the amount of the legacies. The legatees could not avail themselves of the nine months' provision allowed by the Act of 1849, as that period elapsed before the death of the widow. The administrator was not delinquent, and no decree of distribution was made.

*Foster,* on same side, contended that the estate was not taxable till 1849, as the Act of 1826 does not impose a tax on property passing to *the wife;* and that nothing passed to the heirs till the

[Commonwealth v. Smith.]

death of the widow. The 13th section of the Act of 1849 first provides a mode by which the estate of those entitled in remainder could be taxed.

The opinion of the Court was delivered by

BLACK, C. J.—The act of 7th April, 1826, imposes a tax of two and a half per cent. on collateral inheritances. It was increased to five per cent. by the act of 22d April, 1846. But the latter act was to take effect only upon the estates of such persons as should die after the first day of May then next. In the case before us, the decedent died in 1833. His estate can, therefore, only be taxed two and a half per cent.

How much interest on this tax is the Commonwealth entitled to recover? A law was passed, in 1849, which provided that twelve per cent. interest, to be counted from the death of the decedent, should be charged on all taxes due from the estates of persons then dead more than one year, unless the tax was paid within nine months from the passage of the Act. This case is literally within the words of that statute. The legislature had a right to demand payment of the taxes due to the Commonwealth within a limited time, and to prescribe a penalty for neglect or refusal to comply. The defendant tries to evade it by showing that the tax was not then due. The estate consisted of land, in which the decedent, by will, gave his wife an estate for life, and directed that after her death it should be sold, and the proceeds divided among her collateral kindred and his own.

It is insisted, that this tax was not due nor payable until the widow died, because an estate taken by a wife is expressly exempt from taxation, and because it was not until her death that this estate took a collateral direction.

We dissent from this view. The statute taxes "all estates, real, personal, and mixed, of every kind whatsoever, passing from any person who may die seised or possessed of such estate, being within this Commonwealth, either by will, or under the intestate laws thereof, or any part of such estate or estates, or interest therein;" and the only exception is where the estate or interest therein passes from the person dying seised thereof to or for the use of father, mother, husband, wife, or lineal descendants. The legatees had a certain interest in this estate, which vested in them immediately upon the death of the testator. When he died, it passed from him to them. His estate in the land was a fee simple. He carved a particular estate out of it, which he gave to his wife, and which was not taxable. The remainder he ordered to be disposed of for the use of his collateral kindred, and this *was* taxable. The value of their interest and the amount of the tax might have been ascertained by the assessors, agreeably to the third section of the act of 1826. We see no good reason why it may not be appraised

[Commonwealth *v.* Smith.]

now, according to the twelfth section of the act of 1849, if there be no other mode of adjusting the matter satisfactorily. The latter act, be it remembered, does not impose a tax on remainders, but only fixes a mode of settling their value. The legislature seems to have been satisfied that the terms of the act of 1826 were comprehensive enough—and so they certainly were—to include every interest which could pass, whether in possession or remainder.

These considerations make it very plain that the defendant is bound to pay to the Register, for the use of the Commonwealth, a tax of two and a half per cent. on what was the fair market value of the interest which the collateral kindred took in this estate at the time it passed to them, deducting what would have been then estimated as the value of the life estate; and, after ascertaining the amount of the tax by this rule, he must pay interest thereon at the rate of twelve per cent. per annum, from the death of the decedent. But to compel him to pay this tax on the whole of the estate, including what went to the wife, according to a value fixed by a sale made when it had probably appreciated largely, and add interest besides, at the rate of twelve per cent., would be to do such a wrong as no law would give color to. It is true, that the defendant, and the parties he represents, as well as the officers of the Commonwealth, may have been guilty of some negligence in not having their estate appraised when it should have been, but the only penalty for this default is the double interest, and not an increase of the tax itself.

This case is not before us in a shape which makes it absolutely necessary that we should notice it. It is called a special verdict; but it does not appear that any action, amicable or adversary, was ever brought. How much the Commonwealth claims, or whether she claims anything at all, is not set forth. Some of the facts are very loosely stated, and the most important are altogether omitted. No means are furnished of determining what judgment should be given, in case the law is with the plaintiff. No judgment is asked for, but a mere opinion on an abstract question, so that the attorneys may make it up, as if the judges were expected to act as a kind of assistant-counsel. In point of fact, no judgment has been given by the Common Pleas—nothing but a direction how to proceed. The statement before us has no one quality of a special verdict; and the Court below did all they could, when they gave an opinion as advisers. We have done likewise, for the purpose of saving future trouble in this as well as in other cases. But the precedent is not likely to be followed, for we have duties numerous and heavy enough to put works of supererogation out of the question. We will make the only legal disposition we can of the case, by quashing the writ of error.

Writ quashed.