## Jewell's Estate.

*Taxation—Collateral inheritance tax—Remaindermen—Decedents estates—Act of May 6, 1887, P. L. 79—Constitutional law.*

1. Where a testator died in 1876, leaving real estate to his daughter for life with remainder over, and the life tenant dies in 1910, the remaindermen are liable only for the collateral inheritance tax in their respective estates on the value of the estate when they "come into actual possession" on the death of the life tenant.

2. The Act of May 6, 1887, P. L. 79, "An Act to provide for the better collection of collateral inheritance tax" is not open to the charge of unconstitutionality, because its title fails to give sufficient notice of the provisions of article third of the act.

Argued Jan. 11, 1912. Appeal, No. 310, Jan. T., 1911, by Claudius Buchanan Jewell et al., from decree of O. C. Phila. Co., Jan. T., 1911, No. 19, dismissing appeal from collateral tax appraisement in Estate of Leonard Jewell, deceased. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Appeal from collateral tax appraisement. Before LAMORELLE, J.

The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the appeal.

*E. O. Michener,* for appellant.—It is submitted that the law as it existed at the time of the death of the testator in 1876 should govern this case: Finnen's Estate, 196 Pa. 72; Com. v. Smith, 20 Pa. 100; Com. v. Eckert, 53 Pa. 102; Mellon's App., 114 Pa. 564; Commonwealth's App., 127 Pa. 435; Commonwealth's App., 128 Pa. 603.

The Act of 1887, as to its third section, if it does attempt to alter the law as it existed prior to its passage, as to estates in which the collateral inheritance tax had already accrued and could be paid, is unconstitu-

tional in that the title does not give any notice of any such intention nor is it broad enough to cover any such action of the legislature: Com. v. Hazen, 207 Pa. 52; Potter County Water Co. v. Austin Boro., 206 Pa. 297; Com. v. Kemort, 212 Pa. 289; Brown's Estate, 152 Pa. 401; Pierie v. Philadelphia, 139 Pa. 573.

In re Hancock St., 1 W. N. C. 112; Commonwealth v. Nihil, 4 Pa. D. R. 582; Barnes v. Phila., &c., R. R. Co., 27 Pa. Superior Ct. 84; Quinn v. Cumberland County, 162 Pa. 55; Gackenbach v. Lehigh County, 166 Pa. 448; Payne v. Coudersport Borough School District, 168 Pa. 386; In re Otto Township Road, 181 Pa. 390; Weiss v. Swift & Co., 36 Pa. Superior Ct. 376.

*J. Lee Patton,* for appellee.—The act of 1887 controls: Coxe's Estate, 193 Pa. 100; Strode v. Com., 52 Pa. 181; Mellon's App., 114 Pa. 564.

The act is constitutional: Campbell's Registration, 197 Pa. 581; Phoenixville Borough Road, 109 Pa. 44; Mauch Chunk v. McGee, 81 Pa. 433; Allegheny County Home, 77 Pa. 77; Commonwealth v. Beatty, 15 Pa. Super. Ct. 5; Commonwealth v. Jones, 4 Pa. Super. Ct. 362; Commonwealth v. Moore, 2 Pa. Super. Ct. 162.

OPINION BY MR. JUSTICE MOSCHZISKER, February 19, 1912:

The testator died in 1876, owning certain real estate in the city of Philadelphia which he devised to a daughter for life with remainder over; the life-tenant died in 1910. The questions are, (1) Must the remaindermen pay collateral inheritance taxes on the value of their estates in this property as of 1876 plus interest at six per cent., or on its value at the time they entered into possession in 1910? (2) Is the Act of May 6, 1887, P. L. 79, unconstitutional because of defect in title?

The third section of the statute in question reads as follows: "In all cases where there has been or shall be a devise, descent or bequest to collateral relatives or

strangers, liable to the collateral inheritance tax, to take effect in possession, or come into actual enjoyment after the expiration of one or more life-estates, or a period of years, the tax on such estate shall not be payable, nor interest begin to run thereon, until the person or persons liable for the same shall come into actual possession of such estate, by the termination of the estates for life or years, and the tax shall be assessed upon the value of the estate at the time the right of possession accrues to the owner as aforesaid: Provided, That the owner shall have the right to pay the tax at any time prior to his coming into possession, and, in such cases, the tax shall be assessed on the value of the estate at the time of the payment of the tax, after deducting the value of the life-estate or estates for years: And provided further, That the tax on real estate shall remain a lien on the real estate on which the same is chargeable until paid ....."

The Act was before this Court in Coxe's Estate, 193 Pa. 100, and after quoting its third section, we said (p. 105): "It is desirable ..... to consider the plain meaning of the foregoing words ..... The act says, 'The tax on such estate shall not be payable, nor interest begin to run thereon, until the person or persons liable for the same shall come into actual possession of such estate.' If the tax shall not be payable until that event it does not arise, it has no beginning, and hence the Commonwealth has no title to it and cannot demand its payment until the estate itself 'comes into actual possession' of the person entitled. And such coming into actual possession must be 'by the termination of the estates for life or years.' And again, in the same direction, it is positively provided that, 'the tax shall be assessed upon the value of the estate at the time the right of possession accrued to the owner aforesaid.' That is, although the estate in remainder may have had a definite value at the time of the death of the testator ....., it is not that valuation that is to

be the test of the tax, but the valuation of the estate at the time it comes into possession. This is the plain, actual, common-sense meaning of the words we are considering, and this meaning is not at all impaired by the language of the proviso .....: 'Provided that· the owner shall have the right to pay the tax at any time prior to his coming into possession, and in such cases the tax shall be assessed on the value of the estate at the time of the payment of the tax, after deducting the value of the life-estate or estates for years. .....' (p. 111). We are clearly of the opinion that the tax ..... will not become due and payable until (after the expiration of the life estates) ......, and that it is the value of the property as it will then appear to be, that must constitute the basis upon which the tax must be declared."

After considering all the prior legislation and the numerous cases called to our attention in the most excellent paper-book of counsel for the appellant, we are not convinced of any error in the construction placed upon the Act of 1887 in the case just referred to. It is true that in Coxe's Estate, the decedent died after the Act of 1887, but the statute by its express terms applies not only to future devises, but also to those already made, "in all cases where there has been a ..... devise" are the words used. The question of the tax or the amount to be retained by the Commonwealth upon the transmission of decedents' estates is peculiarly for the law making power of the State; no authority has been cited to us, and we know of no rule or principle which forbids the Legislature to make changes in the statutory law affecting the time or manner of assessing an inherited estate, and incidentally to affect the sum of the tax to be paid, at any time before the estate comes into the actual possession of the person liable for the tax prior to an actual payment thereof. Cooper's Estate, 127 Pa. 435, simply determined that the debts of the decedent, chargeable against his real estate because of

a deficiency in personal assets, should be deducted from the value of the real estate in determining the clear value of the estate that passed from the decedent to the person liable for the tax; but the report shows that the appraisement in this case was made "as of the ninth day of July, 1884," which was the date of the death of the last tenant for life.

The third section of the Act of 1887, taken as a whole, clearly shows that the legislature intended to make a change in the law as to the time for fixing the value of estates in remainder, and that the purpose was to affect all such estates then subject or to become subject to the payment of collateral inheritance taxes. Under the Act, the death of the testator, as theretofore, establishes the right to the tax, but it does not become due and collectible until the remainderman enters into "actual possession . . . . . by the termination of the estates for life or years;" and when he so enters he must pay the tax upon the value at that time. On the whole no hardship is worked by this provision, for, as suggested in Coxe's Estate, supra at page 110, in many instances the value of the real estate may greatly depreciate after the death of the proprietor and thus affect the value of the estate of the remainderman when it comes into his actual possession. The Act tends toward equality and uniformity in that it makes each person pay the tax upon the value of the estate which he actually takes into his possession; that this was the intention of the Legislature and that it had the right so to enact, we entertain no doubt.

But the appellant contends that, "The Act of 1887, as to its third section, if it does attempt to alter the law as it existed prior to its passage, as to estates in which collateral inheritance taxes are already accrued and could be paid, is unconstitutional in that the title does not give any notice of any such intention, nor is it broad enough to cover any such action of the Legislature." The statute is entitled, "An Act to provide for

the better collection of collateral inheritance taxes."
It makes no change in the tax itself, and the section in
question deals with the time when, under given circum-
stances, such tax shall be due, collectible and payable,
and in this connection when and how the value of the
estate taxed shall be fixed. There is nothing in the title
to mislead, and it gives fair and reasonable notice to
any person subject or liable to become subject to the pay-
ment of a collateral inheritance tax that its provisions
might affect him,—that is, notice sufficient to put such
a person on inquiry, and this is all that is required:
Allegheny County Home's case, 77 Pa. 77; Mauch
Chunk v. McGee, 81 Pa. 433; Campbell's Registration,
197 Pa. 581; Commonwealth v. Clymer, 217 Pa. 302;
Commonwealth v. Moore, 2 Pa. Superior Ct. 162; Com-
monwealth v. Jones, 4 Pa. Superior Ct. 362; Common-
wealth v. Beatty, 15 Pa. Superior Ct. 5. We have con-
sidered all the authorities cited by the appellant to
support his contention but feel that they do not rule
the present case.

The assignments of error are overruled and the judg-
ment of the Court below is affirmed.