## Gelm's Estate.

*Taxation—Collateral inheritance tax—Acts of May 6, 1887, P. L. 79, April 22, 1905, P. L. 258—Estate in remainder.*

Where a testator gives his whole estate to his wife for life or until her remarriage, and after her death or remarriage to be divided share and share alike among his four children, naming them "to them and to their heirs and assigns forever," each child takes a vested estate in remainder, and if one of them dies after the death of the testator and before the death of the widow intestate, unmarried and without issue, his interest passes to the other three children, and is subject to the collateral inheritance tax.

The Act of April 22, 1905, P. L. 258, Section 1, does not in relation to the imposition of a collateral inheritance tax modify the Act of May 6, 1887, P. L. 79.

Argued April 29, 1915. Appeal, No. 139, April T., 1915, by John Gelm, et al., from decree of O. C. Allegheny Co., June T., 1914, No. 319, dismissing appeal from assessment of Collateral Inheritance Tax in Estate of William Gelm, deceased. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Appeal from appraisement of collateral tax.

MILLER, J., filed the following opinion:

John Gelm, father of the decedent, disposed of his estate in the following language:

"I give, devise and bequeath all my estate both real and personal, to my wife, Caroline Gelm, if living, for her own use and benefit during her natural life, provided that she so long remains my widow, and after her death or remarriage, I direct that my estate be divided, share and share alike, among my four children, William Gelm, John Gelm, Henry Gelm and Annie Gelm, to them and to their heirs and assigns forever."

William Gelm, one of the above named children and

devisees, died intestate, unmarried and without issue, on the 26th day of February, 1906. He had no other estate than that set forth in his father's will.

The widow, Caroline Gelm, died on the 14th day of November, 1913, without having remarried. The estate of John Gelm therefore passes to the other three children, each an undivided one-fourth in his own right, and an undivided one-third of the one-fourth devised to the deceased son William; they take William's share as collaterals through him.

It is urged that there was no estate in William Gelm at the time of his death, and that, therefore, no tax is assessable because he did not die seized or possessed of the estate devised by his father. In support of this contention, Swann's Est., 1 D. R. 579, is cited. It has no application because it was clearly found that the estate was contingent; the same is true of Matthiessen's Est., 17 D. R. 201. While there seems to be some authority for appellant's contention in Gebhart's Est., 20 D. R. 529, it does not appear that the estate there in controversy was a vested estate.

The late case of Com. v. Thomas, 21 D. R. 350, is cited as direct authority for appellants' contention. In the absence of a Supreme Court case squarely sustaining the conclusion in the latter case above cited, we are of the opinion that the correct rule governing the case at bar is set forth in Dixon's Est., 53 P. L. J. 117, opinion by the late president judge of this court, who says:

"While the theory of the defense that only those estates passing from a person who dies actually seized is liable to collateral inheritance tax, receives some support from the language of the first section of the Act of 1887, the third section shows very plainly that the legislature had in view constructive as well as actual possession; for that section makes express provision for payment of the tax when gifts 'take effect in possession or come into actual enjoyment after the expiration of one or more life estates, or a period of years, and conse-

quently after a previous existing charge. The possession of the life tenant is in the meantime the possession of the remainderman and answers the letter of the first section of the act. Where the gift is contingent upon surviving the life tenant, death before the happening of that event will, of course, defeat the tax; but where it is vested, death is immaterial; for the owner's title has a transmissible quality whether by sale, Cox's Est., 181 Pa. 369, by will, or intestacy; and the land passes subject to the tax: Finnen's Est., 196 Pa. 72.' "

That the estate in the case at bar is vested cannot be questioned; it was in the decedent in fee, subject to the mother's life estate.

The share of William coming from his father passes to his brothers and sister through him; the collaterals could not take it in any other way. The purpose of the act is to impose a tax on all estates passing to collaterals. This estate is clearly within the spirit of the law, and by implication within its letter.

Appeal is therefore dismissed.

*Error assigned* was decree dismissing the appeal.

*James A. Nugent,* for appellants.—William Gelm was not seized or possessed of such an estate as was contemplated by the Act of 1887: Carlson v. Sullivan, 146 Fed. 476; Brandmeier v. Pond Creek Coal Co., 219 Pa. 19; Hitner v. Ege, 23 Pa. 305.

The law providing for collateral inheritance tax should be strictly construed: Swann's Est., 1 D. R. 579; Matthiessen's Est., 17 D. R. 201; Gebbard's Est., 20 D. R. 529.

This case has been flatly ruled by the lower courts in favor of appellants' contention: Com. v. Thomas, 21 D. R. 350.

*J. M. Freeman,* of *Watson & Freeman,* with them *John O. Wicks* and *Harry F. Stambaugh,* for appellee.—The estate or interest which William Gelm took under his

father's will was a vested remainder: Patterson's Est., 247 Pa. 529; Kelso v. Dickey, 7 W. & S. 279; Bassett v. Hawk, 118 Pa. 94.

The Act of 1905 imposes a collateral inheritance tax on all property, real, personal or mixed, of every character, which on the death of the owner passes to collateral heirs: Finnen's Est., 196 Pa. 72; Mellon's App., 114 Pa. 564; Strode v. Com., 52 Pa. 181; Orcutt's App., 97 Pa. 179; Hood's Est., 21 Pa. 106; Short's Est., 16 Pa. 63.

That estates in remainder are properly taxable under the act see: Com. v. Smith, 20 Pa. 100; Com. v. Eckert, 53 Pa. 102; Com.'s App., 127 Pa. 435; Holbrook's Est., 20 W. N. C. 79.

The appellants' contention that William Gelm was not seized or possessed of an estate within the meaning of this act, is contrary to the plain provisions thereof: Wallace v. Harmstad, 44 Pa. 492; Desilver's Est., 7 Rawle, 111; Rose's Est., 6 Pa. C. C. R. 109; McNitt v. Turner, 16 Wall. 352; Prasser's Est., 140 Wis. 92; Whitehead v. Foley, 28 Texas 268; North v. Graham, 235 Ill. 178; Dodge v. Stevens, 105 N. Y. 585.

The remainder in question is taxable under the word "possessed" alone: Grant v. Hathaway, 118 Mo. 604; City of Detroit v. Moran, 7 N. W. 180.

OPINION BY ORLADY, J., October 11, 1915:

In this case the only question involved, is the construction to be given the clause in the will of John Gelm, as quoted in the opinion of the court below, and to determine the character of the estate of William Gelm, a son, who died subsequent to his father.

The Act of April 22, 1905, P. L. 258, Section 1, does not, in relation to the imposition of a collateral inheritance tax, modify the Act of May 6, 1887, P. L. 79, and as decided in Finnen's Est., 196 Pa. 72, "It is very manifest from the language of the statute, that the subject of the taxation enacted is the whole estate or interest that passes to the persons who are the recipients. An estate

in remainder is an estate or property within the meaning of the act just as much as if the decedent had been in the actual possession of it at the time of his decease."

The question was carefully considered by the Orphans' Court, and we agree with the conclusion it reached in holding that the estate in the case at bar was vested in the decedent in fee, subject to the mother's life estate. The share of William, coming from his father passes through him to his brothers and sisters, and the collaterals could not take it in any other way. That estates in remainder are properly taxable under the statute is shown by Com. v. Smith, 20 Pa. 100; Com. v. Eckert, 53 Pa. 102; Commonwealth's App., 127 Pa. 435. The purpose of the act is to impose a tax on all estates passing to collaterals. The estate involved in this case is clearly within the spirit of the law, and by evident implication within its letter.

The decree is affirmed.