# Myrtetus's Estate.

*Taxation — Collateral inheritance — Interest on tax—Acts of March 11, 1850, P. L. 170; May 4, 1855, P. L. 425, and May 6, 1887, P. L. 79.*

Where a testator who died in 1891, gives the income of his estate to his wife for life, and the principal to charities, and the widow dies in 1899, and a collateral inheritance tax appraisement is made in 1916, the interest upon the tax appraised runs at the rate of twelve per cent. per annum from the date of the widow's death.

In such a case as the tax is not due at the death of the testator no presumption arises twenty years after his death that the tax had been paid.

The Act of May 6, 1887, P. L. 79, which provides that no interest shall begin to run until after the life tenant's death, does not attempt to change the rate of interest established by prior legislation.

Argued Dec. 11, 1917. Appeal, No. 333, Oct. T., 1917, by Matthias Troutt et al., from decree of O. C. Philadel-

phia Co., Jan. T., 1900, No. 394, sustaining exceptions to adjudication in Estate of William R. Myrtetus, deceased.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Exceptions to adjudication.

From the record it appeared that the testator died June 6, 1891. By his will he gave the net income of his estate to his wife during widowhood, and upon her death or remarriage to his executors as trustees for certain charities. Testator's widow died May 10, 1899, and on January 31, 1916, an appraisement for Collateral Inheritance Tax on real estate passing under the testator's will was made by the register of wills. Upon appeal the hearing judge modified the appraisement, and awarded to the Commonwealth the tax of five per cent. on $2,800, with interest thereon at six per cent. from May 10, 1899, the death of the widow.

To this finding exceptions were filed on behalf of both the trustees and the Commonwealth.

On behalf of the trustee it was contended that more than twenty years having elapsed since the death of the testator, the presumption of payment of the tax has arisen, and that this presumption has not been rebutted; and, on behalf of the Commonwealth, that interest should have been added at the rate of twelve per cent. instead of six per cent.

The court sustained the exceptions of the Commonwealth and dismissed the exceptions of the trustees.

*Error assigned* was the decree of the court.

*Horace M. Rumsey,* with him *Joseph F. Englert,* for appellants.—The tax accrued at the death of the testator: Commonwealth's App., 127 Pa. 435; Line's Est., 155 Pa. 378; Del Busto's Est., 23 W. N. C. 111; Cooper's Est., 127 Pa. 435.

The theory of the law, under the Acts of 1850 and

1855, and the Act of 1887, is: the tax immediately fastens upon death: Mellon's App., 114 Pa. 564; Jackson. v. Myers, 257 Pa. 104; James' App., 2 Del. Co. 164.

We submit that the tax in this case accrued at the death of the decedent, and that this is irrespective as to when the tax was assessed and is payable under the Act of 1887: Com. v. Smith, 20 Pa. 100; Com. v. Eckert, 53 Pa. 102; Mellon's Appeal, 114 Pa. 564; Handley's Est., 181 Pa. 339; Jackson v. Myers, 257 Pa. 104; Williamson's Est., 153 Pa. 508; Eury v. State, 72 Ohio 448.

We submit that interest on said tax, in this case, should not be charged at more than six per cent. per annum on said tax.

*William M. Boenning,* for appellee.

OPINION BY TREXLER, J., March 8, 1918:

William R. Myretus died June 6, 1891. In his will he gave the income of his estate to his wife for life. She died May 10, 1899. January 31, 1916, a collateral inheritance tax appraisement was made and upon the tax at that date, interest was added at the rate of twelve per cent. per annum from the date of the widow's death.

Two questions are raised, 1. Is there a presumption of payment arising by reason of the lapse of time? 2. If not, what is the rate of interest, if any, to be charged?

If the tax was due at the death of the testator twenty years having passed since then, the tax would be presumed to have been paid: Stewart's Est., 147 Pa. 383; Ash's Est., 202 Pa. 422. If the tax became due at the death of the widow, no presumption of payment would arise. The Act of May 6, 1887, P. L. 79, provides in Section 3 where the estate is given to collaterals to take effect in possession or come into actual enjoyment after the expiration of an estate for life or years the tax "shall not be payable, nor interest begin to run thereon, until the person or persons liable for the same shall come into actual possession......and the tax shall be assessed

upon the value of the estate at the time the right of possession accrues; ......Provided, That the owner shall have the right to pay the tax at any time prior to his coming into possession, and, in such cases, the tax shall be assessed on the value of the estate at the time of the payment of the tax, after deducting the value of the life estate or estates for years."   The tax not being payable until the termination of the life estate or estate for years, the presumption of payment does not begin to operate until twenty years after such event.   That the remainderman may have the right to anticipate such payment does not change matters.   That option may or may not be exercised and the time of its exercise may be immediately after the death of the decedent, or at any time before the death of the life tenant or the termination of the estate for years.   The test is when is the tax demandable?   "If the tax shall not be payable until such event it does not arise, it has no beginning, and hence the Commonwealth has no title to it and cannot demand its payment until the estate itself 'comes into actual possession' of the person entitled to it": Jewell's Est., 235 Pa. 119; Coxe's Est., 193 Pa. 100.   The appellant relies upon Mellon's App., 114 Pa. 564 (1886).   That decision was based upon a strict adherence to the letter of the Act of March 11, 1850, P. L. 170.   Prior to that act all collateral inheritance taxes were due at the death of the decedent.   That act gave to the person whose estates followed estates for life or years, the right to elect to wait the coming into actual possession, but provided that interest must be paid thereon from the time the same "accrued," that is, from the death of decedent.   The substance of Mellon's Appeal is that since under the act the tax "accrues" at the death of decedent and the law contemplated an appraisement as of that date, and the supplement of May 4, 1855, P. L. 425, provides that if no suit shall be brought within twenty years after the tax "accrues" it shall be presumed to have been paid, that twenty years after the death of decedent the presump-

tion arises. With the changed language of the Act of 1887, Mellon's Appeal furnishes no aid to us in construing its meaning. Under the latter act as noted above the tax is assessed upon the value of the estate when possession accrues.

As to the second question, is the rate of interest to be charged six per cent. or twelve per cent.? The Act of 1850, supra, provided that all taxes not paid within one year of the death of decedent should bear twelve per cent. interest from said date. This applied to estates in remainder: Com. v. Smith, 20 Pa. 100. The Act of 1855, supra, changed this and provided that the penalty of twelve and one-half per cent. (sic) should not be charged until the estate should come into actual possession and enjoyment after the termination of the estate for life or years. The Act of 1887 provides that no interest shall begin to run until after the life tenant's death. This act does not attempt to fix any new rate of interest and does not change prior legislation in this regard. The evident purpose of the act was to do away with the six per cent. interest charged before the expiration of the life estate (Section 1, Act of 1850). The legislative intent as to this is completely expressed and the inference does not follow that when the tax is actually due, the twelve per cent. rate fixed by the former act should not apply. Under the fourth section of the Act of 1887, the twelve per cent. runs upon all taxes due at the death of decedent not paid within one year. It is not reasonable to suppose that the legislature intended that one kind of delinquent taxes should pay one rate and a different kind another rate. Our attention has not been called to any decision of either of our appellate courts upon the question. In Cooper's Est., 127 Pa. 435, where the different acts are construed, interest was charged at the rate of twelve per cent., but the question appears not to have been raised.

The decree of the lower court is affirmed.