## Moss's Estate.

*Collateral inheritance tax—Liability of remainders upon devolution before vesting in possession.*

1. A vested remainder in real or personal property, on passing by bequest or inheritance to collaterals before vesting in possession, is subject to the collateral inheritance tax.

*Gift over without leaving descendant—Impossibility of issue—Vesting.*

2. A gift over upon the death of the life-tenant without leaving descendants will be treated as vested upon a finding by the auditing judge that the life-tenant neither has nor can have children.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1900, No. 130.

The auditing judge, Thompson, J., said in his adjudication:

"As appears from his affidavit hereto attached, Frank Moss is in his eighty-fourth year, was married on April 18, 1885, to Annie Bathhurst, who is still living and now seventy-six years of age, and there has been no issue of their marriage. The affidavit of Dr. Sterling Ruffin, who is a physician of twenty-eight years' standing, and for the past five years has been the family physician of Frank Moss, is also attached, whereby he deposes that he has made a physical examination of Frank Moss, and details the facts disclosed by said examination, from which, in the opinion of the physician, it appears that Frank Moss is and has been for a long time sexually impotent. Under the

circumstances, I am of opinion that the award of this portion of the fund may be made to Frank Moss upon the entry by him of his own bond to protect the interests in remainder. This portion of the fund is likewise subject to the payment of collateral inheritance tax."

*Edward W. Madeira, Paul C. Wagner* and *Joseph S. Clark,* for exceptants.

*J. Lee Patton,* contra.

LAMORELLE, P. J., March 3, 1922.—Similar exceptions are filed by Frank Moss and by the substituted trustee. They go to the ruling of the auditing judge that the *corpus* of the estate is liable for collateral inheritance tax.

Briefly stated, these are the facts: Rebecca Moss, who died in the year 1899, directed that a certain sum of money, or securities of that value, should be held by her executors, or the survivor of them, in trust to pay the net income to her brother, Florian Moss, for life, without liability for his debts. Tax on her estate was paid in that same year. Florian Moss, the brother, died Aug. 28, 1921, whereupon the trust for his benefit terminated.

Her will further provided that on the death of this brother one-half of the estate should be held for the use of another brother, William Moss, his heirs and assigns, and that the other half should be held for the use of a third brother, Frank, for his life, and after his death his share should be distributed among his children then living and the issue of any then deceased, and in event that he died before or after testatrix, leaving no descendants then surviving, his one-half should be held for the use of his brother, William Moss, his heirs and assigns.

William Moss survived his sister, the testatrix, and died Oct. 29, 1907, and by will, dated Oct. 28th of that year, bequeathed and devised his entire estate to his daughter, Mary Moss.

Mary Moss died April 2, 1914, and by will dated Oct. 29, 1912, made her uncle, Frank Moss, her residuary legatee and devisee.

Finding as a fact that Frank Moss never had nor could have children, the auditing judge held that he, Frank Moss, was forthwith entitled to the entire *corpus* because of the death of his brother, William Moss, and his niece, Mary Moss, and of the provisions of their respective wills.

As the sole and only question to be determined is the liability of this fund for tax, we are of opinion that the auditing judge was correct in his ruling.

William Moss had a vested interest in one-half of the estate and a vested interest in the other half, which latter might have been or be divested if Frank Moss had issue. Whatever interest William Moss had passed by his will to his daughter Mary, and her interest passed in turn to Frank Moss. While she was never seized nor possessed of that which passed from her, and while all of the various acts relating to collateral or transfer inheritance tax provide for taxation on any estate passing from any person dying seized or possessed, yet the Superior Court, in Gelm's Estate, 61 Pa. Superior Ct. 228, held that where an estate was vested, we might ignore seisen or possession and that such estate, when it did pass, was liable to the payment of tax.

This court, in a series of cases—Swann's Estate, 1 Dist. R. 579; Matthiesen's Estate, 17 Dist. R. 201; Gebhard's Estate, 20 Dist. R. 529—has construed the act according to the literal wording thereof. These cases were called to the attention of the Superior Court in the argument before it in Gelm's Estate, 61 Pa. Superior Ct. 228. That court, however, adopted in effect the ruling of the Orphans' Court of Allegheny County, which seems to be at variance with our own ruling, and that of the Court of Common Pleas of Delaware County in Com. *v.* Thomas, 21 Dist. R. 350.

1 D. & C.

Moss's Estate.

The facts in the present case bring it directly within the decision in Gelm's Estate, 61 Pa. Superior Ct. 228, in that Mary Moss had a vested interest, though she had no right to possession, and certainly was not seized thereof in the technical sense of the word.

Since the ruling in Gelm's Estate, 61 Pa. Superior Ct. 228, this court has followed our previous rulings, in Starr's Estate, 25 Dist. R. 55. The cases, however, may be distinguished, because in Starr's Estate the interest was contingent and in the present case the interest passing from Mary Moss is a vested one.

An examination of the record in the case now before us shows that the Commonwealth was not represented before the auditing judge and that apparently no claim was made for taxes. We refer to this fact because a very nice question may arise as to what tax is due and payable. Whether the Act of May 6, 1887, P. L. 79, is still in force to such extent that proceedings may be had thereunder, as to which note the language of the repealing clause in the Act of June 20, 1919, P. L. 521? Whether the tax is payable under the latter act as amended by the Act of May 4, 1921, P. L. 341? And whether, under the various decisions, tax is assessable as of the date when Mary Moss died, or as of the date when Frank Moss legally enters into the possession and enjoyment of the fund? This question is not now before us, and as there is no ruling by the auditing judge, we may have to pass upon it in event of an appeal from the ruling of the Register when a tax settlement is made. At present we express no opinion.

All exceptions are dismissed and the adjudication is confirmed absolutely.