## Mayer's Estate

Before Van Dusen, P. J., Stearne, Bolger, and Ladner, JJ., and Marx, P. J., twenty-third judicial district.

*Robert H. Skilton* and *Leon J. Obermayer*, of *Edmonds, Obermayer & Rebmann*, for exceptant.

*Edward Shippen Morris* and *Harry B. Schultz*, contra.

VAN DUSEN, P. J., May 7, 1937.—Decedent owned a vested remainder and died during the continuance of the life estate. Thereafter the life tenant died and decedent's legatee came into possession. The register then assessed

inheritance tax against the transfer by death which had taken place, and on appeal the assessment was sustained. Exceptant claims that no tax on this transmission is payable *at any time* because decedent was not in possession at the time of his death. He points to section 3 of the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, which enacts that where there is a transfer of property which "is to take effect in possession . . . after the expiration of any one or more life-estates . . . the tax on such estate shall not be payable, nor shall interest begin to run thereon, until the person liable for the same shall come into actual possession of such estate by the termination of the estates for life. . . ."

In this section the word "payable" refers to the time of payment, and not to the liability for payment. This is shown by the very next phrase, which declares that interest shall not begin to run until possession is achieved. If the tax was never payable, the interest would never begin to run. This section must be read in connection with section 1, which imposes the tax "upon the transfer of any property". A vested remainder is property, though not in possession. This point is squarely decided in Gelm's Estate, 61 Pa. Superior Ct. 228, and is made abundantly clear by Moss' Estate, 80 Pa. Superior Ct. 323, 335. This was the case of a contingent remainder, and an attempt was made to collect the tax upon a devolution of the contingent remainder by death, the life tenant being still alive. The court said:

"The tax is not now payable, but if Frank Moss dies without children, the remainder will then take effect in possession and actual enjoyment by Mary Moss' legatee, or his representatives and the tax will then be payable to the Commonwealth".

The exceptions are dismissed, and the findings of the hearing judge are confirmed absolutely.