## Simpson's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Frederick R. Gillinder* and *G. Von Phul Jones*, for exceptants.

*Edward Shippen Morris* and *James J. Hayes*, contra.

KLEIN, J., July 1, 1938.—By the will of the decedent, who died in 1908, certain life estates were created with remainder to a hospital. In 1937, the surviving life tenants and the hospital agreed to terminate the trust pur-

suant to the provisions of the Act of April 14, 1931, P. L. 29. By adjudication of Sinkler, J., filed August 27, 1937, this agreement was approved by the court, and $28,000 was awarded to the hospital as payment for its remainder interest.

On November 30, 1937, collateral inheritance tax was assessed at five percent on the sum of $28,000 and credit was allowed for certain payments made on account of tax shortly after decedent's death. From this assessment a joint appeal was filed by the trustees, the surviving life tenants and the remainderman. Sinkler, J., in an opinion dated June 1, 1938, dismissed the appeal and held that the tax was properly assessed. Exceptions were filed to this ruling which are now before us for decision.

Several ingenious arguments are advanced by exceptants to avoid liability for the tax which was imposed. They contend that the money received by the hospital was for relinquishing or renouncing its legacy by virtue of an agreement of release and not by reason of the acquisition of its remainder estate under the will. They also suggest that under the terms of the will the hospital cannot come into actual possession of its remainder interest until the death of the last surviving grandchild and that the assessment of the tax must be postponed until that time. Such contentions are clearly without merit.

It is, of course, true that under ordinary circumstances the hospital would not receive actual possession of its remainder interest until the death of the last surviving life tenant. But here the parties have terminated the entire trust by mutual agreement under the special provisions of the Act of 1931, supra. This action terminated all of the life estates as fully and completely as would the deaths of all the life tenants. The remainder interest was therefore accelerated and the right of possession thereto accrued at once to the hospital.

As we understand the exceptants' argument, they contend, further, that if any tax is due at this time the hospital has the right to pay on the value of the entire estate,

less the present estimated value of the life estates. Under their calculations on this basis nothing would be due the Commonwealth. We cannot agree with this contention. The disputed tax was assessed by the register of wills under section 3 of the Act of May 6, 1887, P. L. 79, which provides as follows:

"In all cases where there has been or shall be a devise, descent or bequest to collateral relatives or strangers, liable to the collateral inheritance tax, to take effect in possession, or come into actual enjoyment after the expiration of one or more life estates, or a period of years, the tax on such estate shall not be payable, nor interest begin to run thereon, until the person or persons liable for the same shall come into actual possession of such estate, by the termination of the estates for life or years, and the tax shall be assessed upon the value of the estate at the time the right of possession accrues to the owner as aforesaid: *Provided*, That the owner shall have the right to pay the tax at any time prior to his coming into possession, and, in such cases, the tax shall be assessed on the value of the estate at the time of the payment of the tax, after deducting the value of the life estate or estates for years".

Under this act the hospital had one of two alternatives to follow with respect to the tax. It could have anticipated the actual possession of its remainder interest and paid the tax during the continuance of the life estates. In such case the tax would have been assessed on the value of the estate at the time of payment, but a deduction would have been allowed for the value of the life estates. Or it could defer payment of the tax until it came into actual possession of the remainder estate upon the termination of the life estates. In this event the tax is "assessed upon the value of the estate at the time the right of possession accrues": Von Storch's Estate (Attorney General's Opinion) 7 Dist. R. 204 (1898) ; Jewell's Estate, 235 Pa. 119 (1912) ; Montgomery's Estate, 63 Pa. Superior Ct. 318 (1916).

In the instant case the hospital elected to wait until it came into actual possession of the remainder interest before it paid the tax. It is therefore too late for it now to avail itself of the other option it had under the act. The assessment of the tax on the basis of $28,000, the value placed on the remainder interest by the taxpayer itself, is therefore clearly proper and correct.

Many cases are cited in exceptants' brief. We have studied them carefully but fail to find anything therein which would indicate that the learned hearing judge did not reach the proper conclusion.

The exceptions are therefore dismissed and the opinion sustained absolutely.