## Biddle Estate

*Robert B. Greer*, and *Morse Garwood*, for appellants.

*Elgin E. Weest*, for Commonwealth.

VAN RODEN, P. J., June 27, 1952.—This is an appeal by the executors of decedent's will and the trustee of a deed of trust executed by decedent under date of December 31, 1941, from the inheritance tax appraisement and assessment in this estate filed in the Office of the Register of Wills of Delaware County on April 12, 1950. It is the contention of appellant that: "The appraisement and assessment are erroneous and unauthorized inasmuch as an inheritance tax appraisement as of the date of death of decedent was filed in the Office of the Register of Wills of Delaware County on January 12, 1949, and the entire tax on the values shown by said appraisement was paid within one year following the death of the decedent."

On June 12, 1950, a citation was issued to show cause why the appeal should not be sustained, and a hearing thereon was held on April 21, 1952. At the hearing, in lieu of presentation of testimony, counsel for both sides agreed on a stipulation of facts. Subsequently, written briefs were submitted to the court, and the matter is now ripe for determination by the court.

It appears from the stipulation of facts that decedent died on February 12, 1948. By his will, duly admitted to probate on February 20, 1948, decedent bequeathed his personal effects unto his widow, and devised and bequeathed the residue of his estate unto the trustee named in an agreement of trust created by decedent under date of December 31, 1941, which deed of trust provided for the payment of net income unto decedent's widow for life, with remainder in favor of certain collateral relatives. On May 7, 1948, a payment on account of the Pennsylvania inheritance tax due on the legacy of personal effects and the life estate of the widow was made in the amount of $110 (less discount of $5.60). On October 27, 1948, the

balance of the tax due on the legacy of personal effects and life estate of the widow was paid in the amount of $15.65.

Decedent's widow, Caroline C. Biddle, died on November 22, 1948. Thereafter, on December 16, 1948, a payment of $4,619.63 was made by the executors and trustees, being the balance computed by them to be due on the inheritance tax on the remainder interest. The computation is as follows:

| | | |
|---|---|---|
| Net Taxable Estate | | $52,478.80 |
| Less: Legacy | $ 197.00 | |
| Life Estate | 6,085.60 | 6,282.60 |
| Remainder taxable at 10% | | $46,196.20 |

On April 12, 1950, the Commonwealth filed in the Office of the Register of Wills of Delaware County a reappraisal of the remainder interest, showing a net taxable estate as of November 22, 1948 (date of death of life tenant) in the amount of $57,097.68, subject to collateral inheritance tax at the rate of 10 per cent.

In his will decedent directed the payment of taxes out of the principal of his general estate and authorized "the payment of all such taxes on remainder or other interests at such time or times as my executors in their uncontrolled discretion may consider advisable".

It is appellants' contention that, decedent's will having empowered the executors in their discretion to pay taxes on remainder interests in advance, they had one year from the date of his death within which to exercise their discretion and make such payment based on conditions and values at the time of decedent's death and without regard to events occurring during the year. The Commonwealth, on the other hand, contends that where election is made to pay the transfer inheritance tax on the life estate only, the tax on the remainder must be computed by a reappraisement

as of the date of death of the life tenant, notwithstanding such death occurred within one year after the date of testator's death.

The Act of June 20, 1919, P. L. 521, sec. 3, as amended June 21, 1939, P. L. 619, sec 1, and further amended May 27, 1943, P. L. 757, sec. 2, 72 PS §2304 provides as follows:

"Where there is a transfer of property by a devise, descent, bequest, gift, or grant, liable to the tax hereinbefore imposed, which devise, descent, bequest, gift, or grant is to take effect in possession or to come into actual enjoyment after the expiration of any one or more life-estates or a period of years, the tax on such estate shall not be payable, nor shall interest begin to run thereon, until the person liable for the same shall come into actual possession of such estate by the termination of the estates for life or years. The tax shall be assessed upon the value of the estate at the time the right of possession accrues to the owner, but the owner may pay the tax at any time prior to his coming into possession. In such cases the tax shall be assessed on the value of the estate at the time of the payment of the tax, after deducting the value of the life-estate or estates for years. The tax on real estate shall remain a lien on the real estate on which the same is chargeable until paid. The owner or person in possession of any such personal estate, passing from a resident decedent, shall make a full return of the same to the register of wills within one year from the death of the decedent. . . ."

In Reynolds Estate, 359 Pa. 616, 621 (1948), it was held that the value of a remainder is to be determined as of the time the right to possession accrues, i.e., at the death of the life tenant, unless the tax on the entire estate is paid under section 3 of the Act of June 20, 1919, P. L. 521, as amended, 72 PS §2304.

In Jewell's Estate, 235 Pa. 119, 121-22 (1912), it was held that the valuation which is the test of the tax on a remainder interest is the valuation of the estate at the time it comes into possession.

It is clear, of course, that where a final appraisement of an estate has been made for the purpose of assessing the inheritance tax due therefrom, a second appraisement is without authority of law: Rowell's Estate, 315 Pa. 181, 183 (1934). In the instant case, however, the Commonwealth did not purport to make a final appraisement but specifically reserved the right to make a reappraisement upon the death of the life tenant. Thus, the appraisement initially made in this case must be considered as a tentative appraisement only. If, prior to the death of life tenant, the tax had been paid in full on the basis of such tentative appraisement, the Commonwealth might well have been precluded from making a reappraisement by virtue. of section three of the Act of 1919, supra. However, since no payment whatsoever was made on the remainder interest until after the death of life tenant, the Commonwealth was entitled to reappraise the estate as of the date of the death of life tenant, that being the time when the remaindermen came into possession. Accordingly, the reappraisement made by the Commonwealth in the instant case is proper and valid and cannot be disturbed by the court.

Accordingly, the court enters the following

### Decree

And now, to wit, June 27, 1952, the above appeal from inheritance tax appraisement having come on to be heard by the court, it is ordered, adjudged and decreed as follows:

1. The reappraisement of the taxable value of the remainder interest in the above captioned estate, filed in the Office of the Register of Wills of Delaware

County on April 12, 1950, and the assessment of inheritance tax thereon, are hereby approved and sustained.

2. The appeal of the Provident Trust Company of Philadelphia and D. Robert Yarnall, executors under the will of William Biddle, deceased, and Provident Trust Company of Philadelphia, trustee under deed of trust of William Biddle, dated December 31, 1941, relating to the aforesaid reappraisement and assessment, is hereby disallowed and dismissed.

3. The citation heretofore issued to show cause why the appeal should not be sustained is hereby discharged, and the petition for such citation is hereby dismissed.

4. The costs of these proceedings shall be paid out of the assets of the estate.