## ESTATE OF PETER CULLEN, DECEASED.

APPEAL BY GUARANTEE CO., ADMR., FROM THE ORPHANS'
COURT OF PHILADELPHIA COUNTY.

Argued April 6, 1891—Decided April 27, 1891.
[To be reported.]

1. The proviso in § 20, act of May 6, 1887, P. L. 84, " That all collateral
inheritance taxes shall be sued for within five years . . . . otherwise
they shall be presumed to have been paid, and cease to be a lien as
against any purchasers of real estate," does not extinguish the personal
liability of heirs, devisees and legatees, at the end of five years.
2. The proviso was intended simply to quiet the title of purchasers of real
estate, and that is the extent of its operation; when there is no pur-
chaser to protect, the lien of taxes due upon real estate, as well as the
debt itself, will continue after five years, notwithstanding that suit is
not brought within that time.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS,
MCCOLLUM and MITCHELL, JJ.

No. 147 January Term 1891, Sup. Ct.; court below, No.
210 January Term 1882 [?], O. C.

Peter Cullen died September 5, 1881, leaving a will whereby
he bequeathed his entire estate to his "friend, Annie E. Cos-
tello." A caveat against the admission of the will to probate
having been filed by certain persons, as the collateral heirs of
the testator, letters of administration pendente lite were granted
to the Guarantee Trust and Safe-Deposit Company, on October
22, 1881. After long-continued litigation over the will, the
contest was finally compromised by the parties in interest, and
on July 3, 1889, the will was admitted to probate, and letters
of administration cum testamento annexo granted to the Guar-
antee Trust and Safe-Deposit Company.

On July 15, 1889, the register of wills caused an appraise-
ment to be made of the estate of the testator, for the assessment
of collateral inheritance tax. Thereupon, the administrator
and Annie E. Costello, the legatee, appealed to the Orphans'
Court from the appraisement, filing exceptions, the first of

which specified that the appraiser erred "in assessing a tax against the estate, no suit having been brought by the commonwealth of Pennsylvania within five years from September 5, 1881, for the amount of the said tax, as required by the act of assembly in that case made and provided, to wit: § 20, act of May 6, 1887, [P. L. 84,] whereby the said estate is relieved from present liability for said tax." The remaining exceptions specified error in not deducting from the appraised value certain items of expense exhibited in detail before the appraiser.

After argument, the court, ASHMAN, J., on March 25, 1890, filed the following opinion:

The main question submitted under this appeal is whether the commonwealth is now barred from collecting the collateral inheritance tax, by reason of the lapse of more than five years from the death of the decedent, before proceeding to enforce payment. Peter Cullen died in September, 1881, and a contest over the validity of his will ensued before the register, which was carried successively into the Orphans' Court and the Court of Common Pleas, and from thence into the Supreme Court, and was ultimately compromised. The will was thereupon admitted to probate, and on July 3, 1889, letters of administration, c. t. a., were granted to the appellants. On July 15, 1889, the appraisement, which is the subject of exception, was made for the purposes of taxation.

The appeal is based upon § 20, act of May 6, 1887, which reads: "The lien of the collateral inheritance tax shall continue until the said tax is settled and satisfied: Provided, That the said lien shall be limited to the property chargeable therewith; And provided further, That all collateral inheritance taxes shall be sued for within five years after they are due and legally demandable, otherwise they shall be presumed to have been paid, and cease to be a lien as against any purchasers of real estate;" with a further proviso extending the time for suit one year from the passage of the act, where taxes then due would otherwise be barred by its terms.

This section is the only one in the act which restricts the right of the commonwealth to sue. As a matter of the first impression, and without aid from the light which preceding legislation might cast upon its meaning, it would seem that it

Opinion of Court below.

was intended to quiet the title of purchasers of real estate, by declaring that as to them the tax should be presumed to have been paid and should lose its lien, if suit for its recovery were not begun within the statutory period. This does not imply— it certainly does not affirm—that the personal liability shall not continue. On the contrary, even the lien is discharged only where the land has been sold; if there is no purchaser to protect, both the lien and the debt remain. In any other sense than this the clause as to purchasers is meaningless; for, if the lien is gone in all cases after five years, why did the legislature say that it shall cease as against them? To give to the section the scope which the appellants contend for, we must assume that the presumption of payment is not limited to realty and in favor of a purchaser, but that it extends to personalty and exempts the original owner; and that it is, moreover, a presumption which cannot be overcome. Such a construction will he justified only upon the theory that it harmonizes with the general scheme of the act, and of the body of laws of which the act is confessedly an epitome.

We need not spend much time upon the act itself. Its title is "To provide for the better collection of collateral inheritance taxes;" and its purpose, so far as that is foreshadowed by the title, is to aid the state and not the debtor. That object would hardly be chieved by abridging the time which had previously been allowed the commonwealth for suit, and by narrowing the liability of the debtor, which before was without limit, to a shorter period than is provided for simple contract obligations. It does neither. It expressly declares, § 3, that " the tax on real estate shall remain a lien on the real estate on which the same is chargeable until paid ; " and by § 1, that the owners of all estates, real and personal, " and all executors and administrators and their sureties, shall only be discharged from liability for the amount of such taxes or duties, the settlement of which they may be charged with, by having paid the same over for the use aforesaid." It is important to notice that the act was framed to consolidate, not to alter existing legislation. Hence § 4, relating to interest and penalties, is a transcript of § 14, act of April 10, 1849, and of § 1, act of May 4, 1855. Section 5, imposing on the executor the duty of deducting the tax, is borrowed from the acts of Feb-

ruary 24, 1834, and April 7, 1826; and §§ 14 and 15, giving remedies to the register, from the acts of March 22, 1841, April 10, 1849, and March 11, 1850. So the provision, § 3, that the tax shall remain a lien on the real estate until paid, appears in the acts of April 7, 1826, § 4; April 10, 1849, § 13, and March 11, 1850, § 1; and by the act of May 4, 1855, § 3, which, for the first time, limits the continuance of the lien, the tax is presumed, after twenty years without suit, to have been paid, and then only in favor of purchasers.

In no statute, commencing with the earliest, act of April 7, 1826, has any limitation been affixed to the personal liability of an owner. The attempt to find such a limitation in the twentieth section of the act of 1887, will be successful only by adopting the theory that the suit to recover the tax upon personalty is a proceeding in rem. But this is negatived by the character of the remedies given elsewhere to the register, under which, § 15, that officer may compel payment from the executor or administrator, who has neglected to account for the tax. How, we might ask, could the lien which is limited by the twentieth section to "the property chargeable therewith" attach to money which is the subject of a pecuniary legacy? That section applies solely to the tax which is due upon real estate, respecting which, and in aid of purchasers, it shortens to five years the lien which by earlier acts covered twenty years and was originally unlimited. And that no one except a purchaser could claim its benefit was decided in James's App., 2 Del. Co. R. 164, where the question was raised under the act of 1855, whose provision in this respect, except as to the duration of the lien, is almost identical with the section under review.

We perhaps do not, if there is any ambiguity in the act, obtain much aid from general principles of interpretation. A statute of limitations will not bind the sovereign, which is here the commonwealth, unless the latter has expressly consented to be bound: Bagley v. Wallace, 16 S. & R. 245; Commonwealth v. Baldwin, 1 W. 54; Commonwealth v. Hutchinson, 10 Pa. 466. But a law imposing taxes will be construed in favor of the subject and against the sovereign: Dwarris on Stat., 742, 749. Between these two axioms, this case, if it were doubtful, would stand in equilibrio. We do not, however,

Arguments.

regard it as doubtful; and we cannot believe that in an act which was meant to give coherence to a system of taxation, of vast concern to the public revenue, the legislature meant to abridge the power of the state one jot more than they actually expressed.

Upon the other point involved in the exceptions, we think that the register has authority to pass on the reasonableness of the charges incurred and to be incurred in the settlement of the estate. The tax is to be assessed upon the clear value of the property, and what that value may be can be ascertained only by allowing for all lawful charges. In this instance, the parties in interest assented to the correctness of the estimate, and unless there was ground for the suspicion of fraud, which is not pretended, the register had no discretion in the premises: See Mumma's App., 127 Pa. 474.

The first exception is dismissed; the remaining exceptions are sustained.

—A formal decree, dismissing the first exception to the appraisement and sustaining the remaining exceptions, having been filed, the administrator took this appeal, specifying that the court erred:

1. In dismissing the first exception to the appraisement.

*Mr. Furman Sheppard* (with him *Mr. John Sparhawk, Jr., Mr. A. S. L. Shields, Mr. John H. Campbell* and *Mr. Thomas R. Elcock*), for the appellant:

There is no collateral inheritance tax due the commonwealth in Peter Cullen's estate. No demand for tax was made for nearly eight years after his death. No suit was brought and no measures whatever were taken to collect the tax within five years after the testator's death, or even within one year after the passage of the act of May 6, 1887, P. L. 79, although the commonwealth had notice, from the will and the caveat, that the estate was subject to tax whether the will should be sustained or not.

1. Tax laws are construed most strongly against the government and most favorably to the taxpayer: Dwarris on Stat., 742, 749; Gurr v. Scudds, 11 Exch. 190; Doe v. Smith, 8 Bing. 177; United States v. Wigglesworth, 2 Story 369; Barnes v. Doe, 4 Ind. 132; Del Busto's Est., 23 W. N. 112.

There is no question raised here, as in Cram's Est., 25 W. N. 250, about the demand for the tax within five years after the expiration of the one year from the decedent's death allowed for settlement of the estate, because even that time had elapsed. It is true that § 20, act of May 6, 1887, P. L. 84, provides that "the lien of the collateral inheritance tax shall continue until the said tax is settled and satisfied." What lien? That section does not create a lien, but refers to such lien as was antecedently mentioned, and no lien is created by the act other than the two mentioned in §§ 3 and 7.

2. In Del Busto's Est., 23 W. N. 114, it is said that § 3 of the act of 1887 is a re-enactment of § 13, act of April 10, 1849. P. L. 572; § 1, act of March 11, 1850, P. L. 170; and § 1, act of May 4, 1855, P. L. 425. Those sections of the acts of 1849, 1850 and 1855 all relate to the subject of remainders over to collaterals, and § 3 of the act of 1887 relates in terms only to a devisee taking after a life-estate or a period of years. Therefore, being a consolidation of the three sections of the prior acts, already referred to, the lien created by § 3 of the act of 1887 is to be restricted to cases of remainders over after a life-estate or a term of years; and the provisos therein must be restricted to the subject-matter of the enactment: Sedgwick on Stat. Law, 2d ed., 49. The "charge" mentioned in § 7 of the act of 1887 is in terms confined to the case of a legacy charged on or payable out of real estate, and is not applicable to a case of intestacy or where there is no real estate.

3. There is no general lien created by the act of 1887. The words "cease to be a lien as against any purchasers of real estate," in the second proviso of § 20, are intended to meet the case of the two particular liens mentioned in §§ 3 and 7, and have no relevancy to the present case, where there is no testamentary charge and no real estate. In that second proviso we have three independent and separate clauses, each separated from the others by a comma, and each one complete, self-sufficient and self-explanatory within itself. The first is: "All taxes shall be sued for within five years after they are due and legally demandable." That is broad, sweeping, imperative and mandatory; it is disconnected from everything else, and applies to all taxes, whether liens or not.

4. The next two clauses state two distinct results of not

bringing suit within five years : (*a*) that there shall be a conclusive presumption that the tax has been paid, so that the remedy in personam is gone ; and (*b*) that the tax shall cease to be a lien against purchasers of real estate, referring to the lien spoken of in the opening words of § 20, and taking away the remedy in rem in cases where the tax is made a charge on real estate. The words "as against any purchasers of real estate," cannot be carried back and attached to a remote antecedent. The "comma" indicates such a separation as prevents this. Moreover, the last part of the section shows that it was intended to bar the collection of all taxes, if suit be not brought within five years. There is no repugnancy between this construction of § 20 and the provisions of § 1 ; the particularity of § 20 cannot be overridden by the generality of § 1.

*Mr. Edw. P. Allinson* and *Mr. W. U. Hensel,* Attorney General (with them *Mr. Boies Penrose, Mr. S. Davis Page* and *Mr. W. S. Kirkpatrick*), for the commonwealth :

The five years' limitation under § 20, act of May 6, 1887, P. L. 79, applies to purchasers of real estate only. Liability for the tax on the part of heirs and distributees is discharged only by payment. The construction to be given to that section is governed by the principle that the commonwealth is not bound by general statutes of limitation, and public rights are not to be postponed to those of an individual further than the legislature has manifested an intent to effect such postponement by explicit terms or by necessary and irresistible implication : Bagley v. Wallace, 16 S. & R. 245 ; McKeehan v. Commonwealth, 3 Pa. 151 ; Commonwealth v. Hutchinson, 10 Pa. 466 ; Commonwealth v. Johnson, 6 Pa. 138. The title of the act of 1887 expresses its object to be, " to provide for the better collection " of the tax. It was not intended to subject the commonwealth to a limitation which would extinguish the tax, but was designed to limit the time within which suit could be brought only as to purchasers, as did the previous laws of which it is a codification : Scott on Intest. L., 153 ; Mellon's App., 114 Pa. 564.

OPINION, MR. CHIEF JUSTICE PAXSON :

We are of opinion that the Orphans' Court took the proper

view of the twentieth section of the act of May 6, 1887, relating to the collateral inheritance tax. The opinion of the learned judge below is so clear and satisfactory that we are spared a discussion of the case, and we affirm the decree for the reasons given by him.

> Decree affirmed, and the appeal dismissed at the costs of the appellants.