IN RE BATT'S ESTATE

STATE OF INDIANA ET AL. *v.* BATT, ADMINISTRATRIX.

[No. 27,680. Filed May 7, 1942. Rehearing denied May 18, 1942.]

*George N. Beamer,* Attorney General, and *Walter O. Lewis,* Deputy Attorney General, for appellants.

*Floyd P. Newsom,* of Terre Haute, for appellee.

FANSLER, J.—On May 27, 1938, the appellee filed a petition in the court in which the estate of her decedent was pending, showing that the decedent died in January, 1928, in which month the administratrix was appointed and qualified, and that she has ever since been acting as administratrix; that no proceeding has ever been taken to determine the inheritance tax on the property of the decedent. The petition then calls attention to chapter 159 of the Acts of 1937, and an order is asked to the effect that all of the property of the decedent is free and clear of any inheritance tax liability, and that no tax is payable by the estate, the administratrix, or the transferees of the property of the estate.

The statute to which the petition refers is as follows: "Every such tax imposed by this act shall be, and remain, a lien upon the property transferred until

paid, and the person to whom the property is so transferred and the administrators, executors, or trustees of every estate so transferred, shall be personally liable for the payment of such tax: Provided, That if no proceeding is taken to determine the inheritance tax on the property of any deceased person within ten years after his death, it shall be conclusively presumed that no inheritance tax is due and all property of decedent shall be free and clear therefrom." Acts 1937, ch. 159, § 1, p. 846.

The State of Indiana and the Indiana State Tax Board appeared and demurred to the petition upon the grounds (1) that the petitioner is not the real party in interest; (2) that there is a defect of parties plaintiff; and (3) that the complaint does not state facts sufficient to justify the relief prayed. The demurrer was overruled, and there was an answer in general denial and asserting that the statute in question is not a bar to the collection of the tax. A petition was then filed by the State and the State Tax Board asking that the appraisers be appointed to appraise the estate for inheritance tax purposes. The petition to appoint appraisers was denied. The petitioner demurred to the answer, except the general denial, and the demurrer was sustained. The case was tried upon an agreed statement of facts, and there was judgment as prayed for.

Errors assigned sufficiently present the questions which we will hereafter discuss.

It is contended, first, that the petition seeks a declaratory judgment declaring the rights of the administratrix relative to the payment of an inheritance tax; that the administratrix acts as the agent of the State for the collection and payment of any inheritance tax due; and that any declaration of appellee's rights in this

case would not affect the rights of those who are taxpayers under the law; and that therefore there is a defect of parties. Section 6-2430, Burns' 1933, § 15968, Baldwin's 1934, makes administrators and executors personally liable for the payment of the tax. Section 6-2413, Burns' 1933, § 15951, Baldwin's 1934, provides: "No executor, administrator, or trustee, shall be entitled to a final accounting of an estate, nor be discharged from liability for the amount of such tax, unless a receipt so sealed and countersigned by the state board of tax commissioners shall be attached to his final report."

This petition was filed in the court administering the estate. If a tax is due, the estate could not be closed before payment of the tax, and a final accounting could not be approved unless a copy of the receipt is attached. It was the duty of the administratrix to ascertain whether a tax is due. By her petition, she asked the administering court to determine the fact. She had sufficient interest as administratrix to entitle her to have it determined. The State and the taxing officers appeared and were heard. The administratrix was representing the estate as the agent of the court, and it was not necessary to bring in other parties who might be interested.

It is urged that it was the duty of the petitioner as an interested party to make application to have the tax question determined; that she is the agent of the State, and that she is estopped from asking for the relief prayed. The administratrix is not the agent of the State for the purpose of collecting the tax; she is the agent of the court for the purpose of administering the estate. If all interested parties were estopped to assert the limiting statute until they had made application to have the tax fixed

and adjusted, the statute would be a nullity. We think it was not so intended.

It is next contended that the purpose of the act of 1937 was to remove the lien of the tax, but not to destroy the tax itself. As supporting this contention, *Cullen's Estate* (1891), 142 Pa. 18, 19, 21 A. 781, 782, and *Hanberg* v. *Morgan* (1914), 263 Ill. 616, 105 N. E. 720, are relied upon. The Pennsylvania statute is as follows: "'The lien of the collateral inheritance tax shall continue until the said tax is settled and satisfied: Provided, That the said lien shall be limited to the property chargeable therewith; And provided further, That all collateral inheritance taxes shall be sued for within five years after they are due and legally demandable, otherwise they shall be presumed to have been paid, and cease to be a lien as against any purchasers of real estate.'" The court held that the presumption that the tax had been paid could only be indulged in favor of a purchaser of the real estate, and that the tax only ceased to be a lien upon the property if it was in the hands of a purchaser; that the tax was not presumed to have been paid, nor did the lien cease if the property was still in the hands of the estate or the heirs or devisees. The Illinois court followed this decision in construing a substantially identical statute. A contrary result was reached, however, in *Miller* v. *Wolfe* (1905), 115 Tenn. 234, 89 S. W. 398, and *Dietemann* v. *People* (1925), 76 Colo. 378, 232 P. 676, in which substantially identical statutes were considered.

Our statute is different. It provides: "That if no proceeding is taken to determine the inheritance tax on the property of any deceased person within ten years after his death, it shall be conclusively presumed that no inheritance tax is due and all property of decedent. shall be free and clear there-

from." There is no reference here to a purchaser of the property, and no room for construing the statute to mean that, as the Pennsylvania court said (page 20 of 142 Pa., page 782 of 21 A.): " . . . if there is no purchaser to protect, both the lien and the debt remain." A conclusive presumption is not rebuttable, and a tax that is conclusively presumed to be paid must in any action be treated as in fact paid. *Collwell* v. *Bedford Stone & Construction Co.* (1920), 73 Ind. App. 344, 126 N. E. 439, and authorities cited. If the tax is paid, there is no tax due.

The appellants contend that the statute does not apply to, and does not afford relief from, taxes on property of decedents who died prior to its enactment.

In construing statutes, the effort is to find the legislative intent. The statute here involved is clear and unambiguous. That part of the section above the proviso is a reenactment. Only the proviso is new. It is a statute of limitation and repose. It is in effect a time limitation on the prosecution of proceedings to collect inheritance taxes. From the earliest times it has been held by this court that such statutes operate retrospectively as well as prospectively. It was pointed out in *State ex rel. Trimble* v. *Swope et al.* (1855), 7 Ind. 91, 94, 95, that:

" . . . this is the whole current of the common law decisions. The assembly must, therefore, be presumed to have legislated with reference to that construction. . . . In the absence of a legislative rule, the decisions on the former act furnish the rule of construction for the latter.

"This view is greatly strengthened by the fact that it is customary for the legislature itself to limit the operation of such acts, where they are not intended to affect rights of action already accrued."

The cases are collected and discussed in the case cited and in *Sansberry et al.* v. *Hughes* (1910), 174 Ind. 638, 92 N. E. 783, and in *Indiana Trust Co.* v. *Beagley, Treasurer, et al.* (1938), 105 Ind. App. 502, 15 N. E. (2d) 758. As illustrating a legislative understanding consistent with the decisions above referred to, we have noticed that in § 64-2825, Burns' 1933, § 15886, Baldwin's 1934, which limits the time for which taxes shall be a lien upon real estate to ten years, it is expressly provided that taxes which were a lien at the time of the enactment of the law should continue to be a lien for ten years after the first Monday in May, 1920. The statute was enacted in 1919. There is nothing in the statute under consideration limiting its application. Therefore, under the long-established rule, it must be treated as intended to apply to the tax here involved.

We find no error.

Judgment affirmed.

NOTE.—Reported in 41 N. E. (2d) 365, 139 A. L. R. 1391.