Bute Estate.

Argued September 30, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*George W. Keitel,* Deputy Attorney General, with him, *Joseph W. Ray, Jr.,* and *James H. Duff,* Attorney General, for appellant.

*W. F. Lane,* with him *Whitehill & Lane,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 8, 1946:

The question raised by this appeal is: may a transfer inheritance tax be assessed against a testamentary beneficiary where the bequest is renounced? The learned court below answered the question in the negative. The Commonwealth appealed.

Testatrix bequeathed a life estate to her husband with remainder to her daughter and the daughter's husband. She died August 29, 1943, and the life tenant November 5, 1943. On August 14, 1944, the son-in-law, by writing, duly recorded, renounced and disclaimed any interest in the estate.

The rate of transfer inheritance tax is fixed by Section 2 of the Act of June 20, 1919, P. L. 521, as amended, 72 PS, sections 2302 and 2303. The rate for a child is 2%, while that of a son-in-law is 10%. The register assessed the tax on the remainder, so payable to the daughter *and* her husband, as tenants by the entireties, at 10%. The daughter paid a tax at the rate of 2% and appealed concerning the excess in the assessment.

The Pennsylvania transfer inheritance tax is imposed upon the *transfer* of property and not upon the property itself: section 1 (a) of the Act of 1919, supra. The Act repealed the Act of 1887, May 6, P. L. 79, and its amendments, but substantially re-enacted their terms. Under the terms of the acts the heir or beneficiary to whom the property is transferred is *personally liable* for the amount of the tax. In addition a lien for five years is imposed upon any real estate which is so transferred. It was specifically provided, inter alia, by section 47 of Article V, of the Act, that the repeal shall not impair the lien of taxes assessed or any tax payable, or the remedies for collecting the same, under said acts. We have decided that under the acts a lien remains upon the decedent's real estate for a term of five years, but such passage of the time *does not extinguish the personal liability of heirs, devisees and legatees: Cullen's Estate,* 142 Pa. 18, 21 A. 781; *Myrtetus's Estate,* 69 Pa. Superior Ct. 318.

The learned court below refused to permit the tax assessment because the beneficiary renounced the bequest. The Commonwealth earnestly maintains that the renunciation did not absolve the beneficiary from the obligation to pay the tax. Reliance is placed upon the

case of *Paul's Estate,* 1 D. & C. 231, written by a distinguished judge of the Philadelphia Orphans' Court, the late John Marshall Gest. In that case testatrix bequeathed a legacy to a son-in-law which he renounced. It was there decided that a collateral inheritance tax was due upon the renounced legacy.

The basis for Judge GEST'S decision was that title to the bequeathed property passed by the will *eo instanti* upon testatrix's death; that a renunciation presupposes that a legatee "has something to renounce", hence the renunciation acted, by analogy, to an assignment or transfer of the legatee's interest, and, as the tax was affixed when the legatee received title, the tax liability of the legatee, and lien, were not divested by the renunciation. *Frank's Estate,* 9 Pa. C. C. Reps. 662 was cited and quoted with approval. In that case a collateral relative beneficiary made a *conveyance and assignment* of a legacy to an individual who was a direct heir. It was sought to reduce the tax liability thereby. The Orphans' Court of Philadelphia declined to set aside the assessment: President Judge HANNA in that case wrote: "The release or conveyance by a devisee, legatee or distributee, after the devise, legacy or distributive share has once vested, will not deprive the Commonwealth of the collateral inheritance tax. The tax accrues immediately upon the death of the testator or intestate. And payment cannot be evaded by a conveyance or assignment to one whose right of succession is not subject to the tax. A devisee or legatee may waive all claim and refuse the bounty of a testator, or to share as a distributee, but if he be a collateral heir or stranger to the blood of testator, the tax remains due and payable."

It is to be observed that Judge HANNA'S statement: "A devisee or legatee may (renounce) but . . . the tax remains due and payable" is but a *dictum* as that decision related solely to a conveyance or transfer of a legacy where the tax was already affixed. Judge GEST accepts

this dictum, but rejects, *as dictum,* what Judge SMITH said in *Wonsetler v. Wonsetler,* 23 Pa. Superior Ct. 321, 325: *"While the bequest vested the title in him, his refusal to accept would leave it part of the testator's residuary estate."*

Opposed to the decision in *Paul's Estate,* supra, is *Grimshaw Estate,* 25 Erie County Law Journal, p. 374, where Judge WAITE in a well-considered opinion reaches an opposite conclusion.

We are therefore required to define the status of a distributive share of an estate which has been renounced. Does such a share vest, and by the renunciation, revest in the estate, as decided in *Paul's Estate,* supra? Or, upon the renunciation, does the renunciation relate back to the moment when the gift was made and prevent it from ever taking effect?

Judge MATTHEWS, the hearing judge in the instant case wrote: "No person can be compelled to accept a gift against his will. The Commonwealth concedes this principle of law for every purpose *except that of taxation"* (italics ours). In its brief the Commonwealth says: "While it may be conceded that a legatee is not required to accept a legacy and make himself liable to pay an inheritance tax upon it, it does not follow that 'no property passes' if he renounces. The mere fact of renunciation implies that the legatee had something to renounce. His rights come into existence when the testator dies, and the effect of the renunciation is to turn back his legacy into the estate. In legal effect it is like a quitclaim or assignment."

We are in unanimous opposition to such reasoning and conclusion. If a person is not compelled to accept a bequest or inheritance against his will, and is permitted to renounce it, it is legal sophistry to suppose that such a share first vests, then is divested, by assignment back to the estate, releasing in some undisclosed manner the personal liability of the renouncing distributee, but still retaining the tax liability upon the estate being

distributed. While there appears to be no appellate court decision in this Commonwealth directly upon the question, it has been considered in other states.

In 28 R. C. L. section 351 (p. 352) it is said: "A legatee or devisee may assent to or decline a testamentary gift . . . When a devise is renounced the renunciation will relate back to the moment when the gift was made and prevent it from ever taking effect, leaving the devisee without an interest in the property and without liability in connection therewith. A renunciation thus made is not a voluntary conveyance. . . ." In 69 C. J. section 2158, p. 967: "The beneficiary under a will has the right to elect whether or not he will take a bequest or devise . . . and such a gift vests in the donee only upon his acceptance thereof." And in section 2169, p. 976: "Where a beneficiary disclaims or renounces his interest under the will, it becomes inoperative as to him, and his renunciation is considered as relating back to the time of the testator's death, or the time when the will became effective, and the property will be dealt with as if the gift had not been made. Thus, by his renunciation, a donee is thereby released from all obligations which an acceptance would have imposed on him." In 28 American Jurisprudence, section 222, p. 114, appears the following statement, quoted with approval by the learned hearing judge and by Judge WAITE in *Grimshaw Estate,* supra: "A beneficiary under a will may refuse to accept the portion given him, whereupon he is absolved from any obligation to pay an inheritance tax upon the devise or legacy. This is true even if, as a result, the property which would have gone to him passes to others more closely related to the decedent, and thus pays a smaller inheritance tax, or no tax at all, and even if the motive actuating the renunciation was a desire to minimize the inheritance tax. The tax may not be imposed upon the legatee irrespective of the renunciation on the theory that the tax accrued immediately upon the death of the testator and could not be

defeated by subsequent acts. The tax is imposed upon the succession, and in case of a renunciation of legacy or devise, the succession becomes taxable, if at all, in accordance with the ultimate devolution of the property. In England, it has been held that where a tenant for life surrenders his life interest so as to merge it in the remainder, an inheritance tax is not payable by the remainderman when the life tenant dies." All of the foregoing excerpts are supported by citations of cases from other states and from England.

For these reasons, and under the foregoing authorities, we decide that when the beneficiary renounces his legacy he is absolved from any obligation to pay an inheritance tax thereon and the succession becomes taxable only in accordance with the ultimate devolution of the property.

We assume, from the argument, that Elizabeth B. Otto, the daughter, was the sole surviving child and that there are no issue of deceased children surviving. Because the daughter's husband renounced his interest as tenant by entirety, no such estate was ever erected, *but we need not consider the effect of this on the devise to the daughter who undoubtedly takes under the will or by intestacy.* In either event the tax is therefore properly assessed against her at 2%.

The decree of the court below is affirmed at appellant's cost.