## Bronstein Estate

*Henry V. Scheirer*, for accountants.

GEARHART, P. J., September 10, 1953.—The proposed schedule of distribution is based on the follow-

ing facts: Decedent died November 21, 1951. He left a will dated May 12, 1933, wherein he stated: "I hereby will and bequeath to my wife everything which I own."

Testator was survived by his widow and two adult children. The will was duly probated on February 26, 1952, and letters of administration c. t. a. were granted to testator's son, Jesse B. Bronstein, Jr., and to testator's daughter, Adalisa B. Scheirer.

Simultaneous with the probate of the will, testator's widow, Adalisa L. Bronstein, filed a document wherein under item 1 she renounced all property " . . . in excess of one-fourth of the total value of the estate passing thereunder . . . ". In item 2 she stated: "If it should be determined by the final decision of a court of competent jurisdiction that I am not entitled to receive my share under the Intestate Laws of the Commonwealth of Pennsylvania in the portion of my late husband's estate which I have renounced under paragraph 1 hereof, I do hereby in that contingency declare that my renunciation under paragraph 1 hereof shall be effective only with respect to one-half of the total value of the estate as therein determined, it being my intention to accept no more than half such estate whether under the Will or under the intestate laws."

We have been asked to construe the meaning and intent of testator's will in connection with the document just quoted and filed by the widow, and to determine the proper share of the estate to be distributed to the widow and to testator's son and daughter.

The proposed schedule of distribution gives one half of the estate to the widow, Adalisa L. Bronstein, one fourth of the estate to the son, Jesse B. Bronstein, Jr., and one fourth of the estate to the daughter, Adalisa B. Scheirer. Under the renunciation, the widow retained one fourth of the estate given her under the

residuary clause of the testator's will. She thus renounced three fourths of the estate. Since her entire legacy was bequeathed in the residuary clause of the will, and she being the only one named in the residuary clause, the effect of her renunciation must be an intestacy as to the renounced legacy. The renunciation was as to three fourths of the estate. Under the intestate laws the widow is entitled to one third. Thus as to the renounced portion of the estate, she would be entitled to one third of three fourths, or one fourth of the estate. The net result is to give the widow one fourth under the terms of the will and one fourth of the estate by reason of intestacy. Each of the children would receive one fourth of the estate.

We think this proposed schedule of distribution is proper. It is clear that a beneficiary may refuse to accept a testamentary gift: Bute Estate, 355 Pa. 170. Section 14(9) of the Wills Act of April 24, 1947, P. L. 89, recognizes the situation where a legacy is "released or disclaimed by the beneficiary. . . ." Since it is clear that a legatee may renounce a legacy in its entirety, (Bute Estate, supra, 170), there seems to be no reason why he or she may not renounce his or her legacy in part.

In re Merritt's Estate, 140 N. Y. S. 13 this was done, the court stating:

"If a legatee may renounce a legacy in its entirety, I see no reason why it cannot be renounced in part."

In Dutton's Estate, 301 Pa. 94, the will gave a life estate to the wife and remainder to the son; the codicil gave to the son the right to occupy the farm and to keep it in good condition. It was there held that the son could refuse the option to occupy the farm and accept the remainder interest.

Accordingly, we approve the proposed schedule of distribution, to which the parties themselves are agreed upon. . . .