## Brooks Estate

Before Klein, P. J., Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

*Walter C. Longstreth, for* exceptants.

*Edward K. Nichols, Jr.,* contra.

*Irving N. Kieff,* for Commonwealth.

HUNTER, J., March 11, 1955.—Premises 2118 Carpenter Street was devised to decedent by her brother, and by adjudication in his estate it was awarded to her "subject to such inheritance tax as may be found to be due thereon".

Decedent did not pay the inheritance tax due in the estate of her brother; it has been paid since her death. The question is, which of the beneficiaries

within the estate of decedent shall bear the burden of the tax? Do the specific devisees of the real estate take it charged with the incumbrance of the tax, or are they entitled to exoneration out of the personal estate of decedent?

The right of the devisees to exoneration depends upon whether decedent was personally liable for the tax. See discussion in Hirst Appeal, 92 Pa. 491, where the debt was a mortgage bond; also Wills Act of April 24, 1947, P. L. 89, sec. 14(12).

The auditing judge found that the tax statute created a personal liability in decedent, and that the tax must be borne by her personal estate.

Exceptant, Marie Potter Payne, a residuary legatee, contends that the statute imposes the tax only upon the real estate transferred, that the court could not have entered judgment against decedent personally, but is restricted to ordering the devised realty sold for the payment of the tax.

The taxing statute is the Act of June 20, 1919, P. L. 521, as amended, 72 PS §2301 et seq., which imposes a tax upon the transfer of property, real or personal: (a) Whenever the transfer is by will or by the intestate laws, etc.

It is true that the statute does not in so many words spell out the personal liability of the inheritor of property. Such liability, however, is inherent in the nature of the tax.

The courts have stated repeatedly that a transfer inheritance tax is in essence an excise tax on the privilege of inheritance and not a tax on property: Tack's Estate, 325 Pa. 545; Youngblood's Estate, 117 Pa. Superior Ct. 550. The rate of tax depends not upon the value of the property, but upon the relationship of the beneficiary to the decedent.

It is true that the statute, to insure the tax, gives many remedies against the property, such as a lien

on real estate, or makes it the duty of a fiduciary who has the property in his hands, to deduct and pay the tax, etc. These remedies against the property itself do not affect the nature of the tax or destroy the personal liability of the beneficiary.

Two cases in the Supreme Court declare the "personal liability" of the inheritor of property.

In Cullen's Estate, 142 Pa. 18, a case arising under the prior Act of 1887, there had been a delay in the payment of the tax on real estate. The court held, although the lien may be lost for failure to revive in the five-year period, the *personal liability* of the devisees continued.

In Bute Estate, 355 Pa. 170, the right of a son-in-law to renounce his interest in favor of a daughter was sustained, with the result that the tax was reduced from 10 percent to 2 percent. Mr. Justice Stearne said:

"The Pennsylvania transfer inheritance tax is imposed upon the *transfer* of property and not upon the property itself: section 1 (a) of the Act of 1919, supra. The Act repealed the Act of 1887, May 6, P. L. 79, and its amendments, but substantially re-enacted their terms. Under the terms of the acts the heir or beneficiary to whom the property is transferred is *personally liable* for the amount of the tax. In addition a lien for five years is imposed upon any real estate which is so transferred. It was specifically provided, inter alia, by section 47 of Article V, of the Act, that the repeal shall not impair the lien of taxes assessed or any tax payable, or the remedies for collecting the same, under said acts. We have decided that under the acts a lien remains upon the decedent's real estate for a term of five years, but such passage of the time *does not extinguish the personal liability of heirs, devisees and legatees:* Cullen's Estate, 142 Pa. 18, 21 A. 781; . . ."

Exceptant contends that it was irrelevant in the two cases last cited to discuss whether there was personal liability; in the first, Cullen's Estate, because it was not necessary to enter personal judgment against the heir, the executor being required to pay the tax out of assets in his hands; in the second case, Bute Estate, because personal liability was not the issue.

We disagree with these contentions. In our opinion the statement of the rule of personal liability lent support to the decision in both of these cases, especially that in Cullen's Estate.

The transfer inheritance tax is imposed not only when the transfer is by will or by the intestate laws from a person dying seized or possessed of the property but also upon inter vivos gifts made in contemplation of death. The legislature has used precisely the same language in both cases with respect to the imposition and collection of the tax. If the contention of exceptant is correct, no personal responsibility is imposed upon the recipients of inter vivos gifts, and the Commonwealth would be without authority or power to collect the tax on such gifts if the donee disposed of the property in the lifetime of the donor. Obviously the legislature did not contemplate such a result. Since no distinction is made in the statutes whether the property passes at death or in the lifetime of the donor, it follows logically that the recipient of the property, in either situation, is personally responsible for the payment of the tax.

We find that the transfer inheritance tax on the real estate specifically devised to this decedent was her personal debt, and is payable out of her general personal estate in exoneration of the real estate.

The exceptions are dismissed and the adjudication is confirmed absolutely.