## Jennings Estate

*Nevin Stetler*, for Commonwealth.
*Kain, Kain & Brown*, for estate.

KOHLER, P. J., February 24, 1959.—At the audit of the first and final account of George Hay Kain, Jr., and William H. Kain, executors of the Will of Catherine L. Jennings, late of West Manchester Township, York County, deceased, held on February 4, 1959 and finally closed on February 11, 1959, a claim was presented by the Commonwealth of Pennsylvania, Department of Revenue through its counsel, Nevin Stetler, Esq., in the amount of $616.36, with interest, representing the alleged balance of transfer inheritance tax due on the value of the life estate of decedent bequeathed to her under the will of her deceased husband, Herbert V. Jennings, who died, July 23, 1957, just 12 days prior to the death of Catherine L. Jennings. The executors of the latter objected to the claim and its validity was argued February 11, 1959. All pertinent facts are matters of record in this court.

The will of Herbert V. Jennings bequeathed his residuary estate to York Trust Company, in trust, to hold, invest and reinvest the same, and:

"(a) To pay the income therefrom, together with so much of the corpus or principal thereof as my Trustee in the exercise of its sole and uncontrolled discretion may deem proper to, or for the comfort, maintenance and support of, my wife, Catherine L. Jennings, for and during the term of her natural life," and there then follows, upon the death of the widow, a succeeding life estate for testator's step-daughter with a remainder, freed of trusts, to testator's next of kin under the intestate laws.

The will contained no direction concerning the payment of inheritance taxes.

Catherine L. Jennings died August 5, 1957, surviving the testator by only 12 days.

On July 31, 1958, the Commonwealth's appraiser filed an appraisement of Catherine's life estate based upon her life expectancy of 7.034 years at age 66 and

in our adjudication of the executor's final account in the estate of Herbert V. Jennings we ascertained the value of her life estate, based upon this appraisement, to be the sum of $34,852.50 and found the tax due thereon at two percent to be $687.05.

The life estate was equitable, not legal, and consisted entirely of the income from stocks, bonds, mortgages and cash, with the sole exception of some valueless old coins and jewelry inventoried at $1.

During the 12 days duration of the life estate, the net income therefrom apportionable to the life tenant was only the sum of $70.69, or less than the tax assessed by $616.36.

At the audit of the Herbert V. Jennings estate, the Comonwealth presented its claim for the full amount of the tax assessed. We allowed the claim against that estate only to the extent of the income collected for the life tenant, to wit $70.69. In so doing, we adopted the reasoning in Loomis' Estate, 61 D. & C. 626, that in the absence of any testamentary provisions relating to the payment of transfer inheritance taxes, the estate of a decedent is not liable for such taxes assessed against a life estate in excess of the amount actually distributable as income to the estate of the life tenant who died shortly after the original decedent, since the general law is well established that when there is no direction in the will to the contrary the tax upon a life estate is payable only from the life tenant's income: Crane's Estate, 314 Pa. 193; Brown's Estate, 208 Pa. 161; Penn-Gaskell's Estate (No. 1), 208 Pa. 342. See also Tomlinson Estate, 48 Lanc. 289.

The Commonwealth now presents its claim for the unpaid balance of the tax, namely $616.36, against the estate of Catherine L. Jennings, the deceased life tenant.

It would appear that the appraisement of the life estate, made after the death of the life tenant, was

correctly made according to the life expectancy as of the date of the husband's death and that an appeal therefrom would have been of no avail: Reynolds Estate, 359 Pa. 616; Rowell's Estate, 315 Pa. 181.

The issue now turns upon the nature and extent of the liability, if any, of a distributee for the payment of transfer inheritance taxes upon his inheritance.

The statute imposing the tax is the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as amended, 72 PS §2301 et seq. The act does not, expressly and in so many words, spell out personal liability of the inheritor of property.

In Cullen Estate, 142 Pa. 18, arising under the prior Act of May 6, 1887, P. L. 79, the personal liability of devisees of realty was recognized by the Supreme Court.

In Bute Estate, 355 Pa. 170, Mr. Justice Stearne, citing Cullen Estate, supra, states that under the present Act of 1919, the heir or beneficiary is *personally liable* for the amount of the tax.

In Brooks Estate, 2 D. & C. 2d 256, decedent had been devised realty by her deceased brother. It had been awarded to her subject to the inheritance tax but which tax she did not pay. The tax was paid after her death and it was held that her devisees were freed of the burden of the tax and were entitled to exoneration from decedent's personal estate. In reaching his conclusion of personal liability, Judge Hunter points out that the act imposes a tax upon inter vivos transfers made in contemplation of death and that the legislature has used practically the same language with respect to the imposition and collection of the tax on such gifts as it has used with respect to transfers by will or under the intestate laws. If no liability for the tax was intended by the Legislature, the Commonwealth would be without power or authority to collect the tax upon inter vivos transfers. We may

add that an identical situation exists with respect to the assessment and collection of such taxes on joint property having the right of survivorship. The liability of the survivor for the tax is settled. See Cochrane's Estate, 342 Pa. 108.

We recognize the general principle of personal liability established by the foregoing cases but we question its binding application to the facts here present, where the tax itself is more than nine times the award to the inheritor. We believe that when the legislature fails to impose personal liability in absolute and express terms we have the power to declare circumstances under which such liability is not to be inferred.

It has been stated that under the Act of 1919, supra, the tax imposed is not on the transfer to the inheritor but is a tax on the succession or right of inheritance, and that it is essentially an excise tax on the privilege of inheritance and not a tax on property: Tack's Estate, 325 Pa. 545. It is not assessed against the estate of decedent but against the legatees and devisees, as what is taxed is the right of succession or the privilege of receiving the property possessed by decedent, the plain intent of the statute being to charge the beneficiary: Youngblood's Estate, 117 Pa. Superior Ct. 550.

The Act of 1919, supra, gives many remedies against the property, such as a lien on real estate, and makes it the duty of a fiduciary who has the property in his hands to deduct and pay the tax from the distributive share.

"Normally the life tenant pays his tax from installments of income received in his lifetime": Crane's Estate, supra, p. 199. However, where the life tenant's right to income ceases by virtue of his death, that source of payment is immediately terminated.

Catherine L. Jennings, this decedent, was bequeathed "income" from the trust, and which the trustee was to "pay" to her. She was not bequeathed a legal life estate such as the use and enjoyment of tangible personalty or realty. That income was payable in cash and has been ascertained since her death, in precise monetary terms, to wit, the sum of $70.69. She was legally entitled to nothing more nor less. Any distribution of corpus under the trustee's discretion would have been the subject of a separate appraisement and assessment.

In his discussion of the nature and origin of our transfer inheritance tax, citing many cases in support of his conclusion, Justice Stern states, in Tack's Estate, supra, page 548:

"It is really not a tax at all in the ordinary meaning of the word, but rather a distributive share of the estate which the State retains for itself."

Applying the foregoing basic nature of the tax, how may the Commonwealth extract from a legatee, as a personal obligation, more than his distributive share? When, as in the instant case, the will directs a distribution to the life tenant in cash, and that is the only interest transferred by the death, the very nature of the transfer inheritance tax would appear to limit the inheritor's personal liability to the amount of such cash legally distributable to the inheritor because it is impossible to retain something which never came into being.

Further, transfer inheritance tax is a tax within the contemplation of art. IX, sec. 1, of the Constitution of Pennsylvania requiring uniformity. See Cope's Estate, 191 Pa. 1. A construction of the Transfer Inheritance Tax Act of 1919, supra, whereby the Commonwealth may collect such tax from a beneficiary which amounts to more than 900 percent of the cash transfer upon which the tax is supposedly measured

would appear to violate such Constitutional mandate. See Commonwealth ex rel., v. A. Overholt & Co., Inc., 331 Pa. 182, and Hammermill Paper Company v. Erie, 372 Pa. 85.

Finally, the enforcement of personal liability under such circumstances would appear to be an unlawful confiscation and so shocking to the conscience of an orphans' court, vested with equitable powers, that we will deny such enforcement against a decedent's estate. In actuality, neither this widow nor her estate received one single penny as an inheritance from her husband. All that she was entitled under his will was the sum of $70.69 which has been entirely appropriated by the Commonwealth for tax. Nothing more should be collectible from her or her estate.*

The end result is fair to the Commonwealth. The succeeding life estate to the stepdaughter was computed and assessed in our adjudication as of the actual date of the death of the widow. The tax on the remainder, after the death of the stepdaughter, will be valued and assessed when it vests in possession. There was no election by the remaindermen to accelerate payment of the remaindermen tax in the lifetime of Catherine L. Jennings. Their option to so elect, and thus procure a credit for the life estate of Catherine, terminated at her death. Cf. Simpson's Estate, 332 Pa. 115; Kelley Estate, 5 D. & C. 2d 1.

Therefore, we decide that the estate of a deceased life tenant, entitled only to cash distributions of income from a trust, is not liable for transfer inheritance tax, assessed upon such life estate, in excess of the cash

---

* The task force on Decedents' Estates Laws of the Joint State Government Commission in its proposed Inheritance and Estate Tax Act of 1959, sec. 505, provides that if the life estate is terminated by death within one year the valuation of the life estate is based upon the amount of income actually paid or payable during the period of life.

distributions payable to the life tenant during her actual life, especially where there is a preclusion against prepayment of the tax on remainders with the attendant credit for the value of such life estate.

## Decree

And now, to wit, February 24, 1959, the claim of the Commonwealth is denied. This decree is made absolute, as the final decree thereon.