STATE of Indiana, INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Appellant,

v.

James F. LEES and Nick Porfidio, Co-Administrators of the Estate of William L. Lees, Appellees.

No. 2-1178 A 398.

Court of Appeals of Indiana, Second District.

April 22, 1980.

Theodore L. Sendak, Atty. Gen. of Indiana, Wallace T. Gray, Deputy Atty. Gen., Indianapolis, for appellant.

Theodore F. Smith, Jr., Anderson, for appellees.

SHIELDS, Judge.

The Indiana Department of State Revenue, Inheritance Tax Division (Department) appeals the trial court's determination that no inheritance tax was due in the Estate of William C. Lees.

William C. Lees died intestate on September 16, 1968. Letters of Administration were granted on September 26, 1968 to James F. Lees and Nick Porfidio as co-administrators. The schedule of all property for the determination of the inheritance tax was filed January 3, 1978. On January 6, 1978, after appraisal, the trial court determined inheritance tax was due in the amount of $7,449.18. However, the trial court later granted a Petition for Redetermination of Inheritance Tax filed by the Estate, vacated its order of January 6, 1978, and entered an order determining no inheritance tax was due based upon IC 6–4–1–29 (Burns Code Ed.).[1]

The Department argues the trial court erred because:

1. Transferees, personal representatives, and trustees of an estate are personally liable for the inheritance tax, and

2. The failure of the co-administrators to file a timely schedule of all property pursuant to IC 6–4–1–7 (Burns Code Ed.) estopped them from asserting the five (5) year lien provision of IC 6–4–1–29 (Burns Code Ed.).[2]

Reversed.

IC 6–4–1–29 (emphasis added) reads as follows:

"Lien—Personal liability for tax.—Every such tax imposed by this act [6–4–1–1—6–4–1–40] shall be, and remain, a lien upon the property transferred until paid, and the *person to whom the property is so transferred and the administrators, executors, or trustees of every estate so transferred, shall be personally liable for the payment of such tax* : Provided, That the lien shall expire by limitation five [5] years after death and all property of the decedent shall be free and clear of the tax from that date."

---

1. This section was repealed by Acts 1976, P.L. 18, § 2. For present law see IC 6–4.1–8–1 (Burns Code Ed., Repl.1978).

IC 6–4.1–1–15a (Burns Code Ed., Repl. 1978), in part, provides:

"(a) This act [6–4.1–1–1—6–4.1–12–11] is intended to be a codification and restatement of applicable or corresponding provisions of laws repealed by this act. The substantive operation and effect of any law repealed by this act shall continue without interruption if *that law is reenacted, in the same or restated form, by this act.*

. . . .

"(c) This act does not affect any:
(1) Rights or liabilities accrued;
(2) Penalties incurred; or
(3) Proceedings begun;
before the effective date of this act. These rights, liabilities, and proceedings are continued; and punishments, penalties, or forfeitures shall be imposed and enforced under the repealed laws as if this act had not been enacted."

The same result would be reached if the present law were applicable. IC 6–4.1–8–1 (emphasis added) provides:

"The inheritance tax imposed as a result of a decedent's death is a lien on the property transferred by him. Except as otherwise provided in IC 6–4.1–6–6(b), the inheritance tax accrues and the lien attaches at the time of the decedent's death. The lien terminates when the inheritance tax is paid or five [5] years after the date of the decedent's death, whichever occurs first. *In addition to the lien,* the transferee of the property and any personal representative or trustee who has possession of or control over the property are personally liable for the inheritance tax."

2. We do not address this alleged error due to *our disposition of the first argued error.*

■ This court is not unmindful that it is well settled law in this state that, in case of doubt, the inheritance tax statutes are to be construed and interpreted in favor of the taxpayer. *State of Indiana, Indiana Department of State Revenue, Inheritance Tax Division v. Estate of Sidney Weinstein, Deceased*, (1967) 141 Ind.App. 395, 228 N.E.2d 23, On Petition For Rehearing 141 Ind.App. 399, 229 N.E.2d 741. Here, there is no doubt. The statute unquestionably provides any inheritance tax assessed may be collected by (1) foreclosure of the lien imposed upon the property transferred within five (5) years of the decedent's death and/or (2) by pursuing the personal liability for the tax against the administrators, executors, or trustees of every estate transferred and/or against the transferees of the property.

■ Thus, the lien imposed upon the property transferred to the sole heir and co-administrator, James F. Lees, is clearly discharged. The discharge of the lien occurred five (5) years after the decedent's death on September 16, 1968. We believe, however, it is equally clear the co-administrators and the recipient of the property transferred as a result of decedent's death are and remain personally liable for the inheritance tax imposed until the tax is paid. The discharge of the lien, therefore, is not an impediment to either the determination of the tax due as a result of decedent's death or the collection of such tax.

Such a legislative intent is supported by the history of this provision.

As enacted in 1931, the relevant section read:

"Sec. 30. Every such tax imposed by this act shall be, and remain, a lien upon the property transferred until paid, and the person to whom the property is so transferred and the administrators, executors, or trustees of every estate so transferred, shall be personally liable for the payment of such tax." [3]

Then, in 1937, the section was amended to add:

"Providing, That, if no proceeding is taken to determine the inheritance tax on the property of any deceased person within ten years after his death, *it shall be conclusively presumed that no inheritance tax is due* and all property of decedent shall be free and clear therefrom." (Emphasis added).[4]

■ In 1951, the proviso was amended by substituting five (5) years for ten (10) years.[5] Thus, if no proceeding was taken to determine inheritance tax within five years of decedent's death, no inheritance tax was due and all property of decedent was free and clear of the lien.[6]

■ However, a 1957 amendment deleted the preceding proviso and substituted the proviso here in question:

"Provided, That the lien shall expire by limitation five (5) years after death and all property of the decedent shall be free and clear of the tax from that date." [7]

This proviso dropped the words "it shall be conclusively presumed that no inheritance tax is due," but retained the five (5) year limitation for the lien. The legislature's deletion underscores the legislative intent that the transferee of the estate property and the personal representative of the estate shall remain personally liable for the payment of the inheritance tax. If it were not the legislature's intent to continue the liability of the transferee and the personal representative, then there would have been no reason for the 1957 proviso as it did not change the limitation period for the lien.[8]

3. Acts 1931, ch. 75, § 30, p. 192.

4. Acts 1937, ch. 159, § 1, p. 846.

5. Acts 1951, ch. 75, § 1, p. 195.

6. *In re Batts Estate*, (1942) 220 Ind. 193, 41 N.E.2d 365.

7. Acts 1957, ch. 204, p. 424.

8. IC 6–4.1–8–1 (Burns Code Ed., Repl.1978), the present law, provides:

"Lien of inheritance tax—Termination—Person liable.—The inheritance tax imposed as a result of a decedent's death is a lien on the property transferred by him. Except as otherwise provided in IC 6–4.1–6–6(b), the inheritance tax accrues and the lien attaches at the time of the decedent's death. The lien

The trial court erred in its order determining no inheritance tax is due and owing. Judgment reversed and cause remanded with instructions to the trial court to re-enter its order of January 8, 1978 determining the inheritance tax due, provided, however, the tax so determined shall not constitute a lien upon the property transferred as a result of the death of William C. Lees.

BUCHANAN, C. J., and SULLIVAN, J., concur.

## ORDER

Comes now the appellant, by counsel, and files herein Motion to Publish Decision, which said Motion is in the following words and figures, to-wit:

(H.I.)

And the Court, having examined said Motion and being duly advised, now finds that the same should be granted, as prayed, and that the opinion heretofore handed down on April 22, 1980 marked Memorandum decision, not for publication, should be amended by striking out the words "memorandum decision" and the opinion as amended should be Ordered published.

IT IS THEREFORE ORDERED as follows:

1. The Appellant's Motion to Publish Decision is granted;

2. This Court's opinion in this appeal heretofore handed down on April 22, 1980 is ordered to be amended by striking therefrom the words "memorandum decision" and as amended, said opinion is now ordered published;

3. The Clerk of this Court is Ordered to send copies of said opinion to West Publishing Company, Bobbs-Merrill Company, and to all other companies, associations and persons to whom published opinions are normally sent, together with copies of this Order.

terminates when the inheritance tax is paid or five [5] years after the date of the decedent's death, whichever occurs first. In addition to the lien, the transferee of the property

All of which is ORDERED this 14th day of August, 1980.