**INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Petitioner-Appellant,**

v.

**ESTATE OF Jane H. PUETT, Deceased, Respondent-Appellee.**

No. 1–281A61.

Court of Appeals of Indiana, First District.

May 25, 1982.

Rehearing Denied July 9, 1982.

Linley E. Pearson, Atty. Gen., Wm. Eric Brodt, Deputy Atty. Gen., Indianapolis, for petitioner-appellant.

James P. Buchanan, Buchanan & Buchanan, Lebanon, James O. Hanner, Hanner & Hanner, Rockville, for respondent-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant Indiana Department of State Revenue, Inheritance Tax Division (Tax Division) appeals from an adverse judgment entered in the Parke Circuit

Court without the intervention of a jury. The ruling was in favor of respondent-appellee Estate of Jane H. Puett, Deceased, upon the Tax Division's petition for a rehearing and reappraisement and redetermination of inheritance tax.

We affirm.

## STATEMENT OF THE FACTS

The evidence most favorable to the judgment discloses that Jane H. Puett died a resident of Parke County, Indiana, on March 9, 1917. Upon her death, a certain tract of land was transferred, and Jane Puett's estate was properly administered and closed on June 15, 1918. Following a Court of Appeals of Indiana decision, *Overpeck v. Dowd*, (1977) 173 Ind.App. 610, 364 N.E.2d 1043, $140,462.20 in proceeds from the sale of the aforementioned property and accrued interest was made available to the heirs of Jane H. Puett's estate. Upon a petition to reopen the estate to receive and administer the proceeds, the trial court appointed a personal representative; and subsequently, the court ordered the personal representative to distribute proportionate shares of the funds to the heirs.

Thereafter, on July 26, 1979, the personal representative filed a petition for determination of inheritance tax alleging that "there is no Indiana Inheritance Tax due herein for the reason that the lapse of time after the decedent's death." After notice of a hearing on the petition was sent to the Tax Division, it failed to appear at the hearing and the trial court decided that no inheritance tax was due from the reopened estate of Jane H. Puett.

Subsequently, on September 10, 1979, the Tax Division filed a petition for rehearing, reappraisement and redetermination of inheritance and transfer tax. In the petition, the Tax Division alleged that the lapse of time for bringing its petition is irrelevant under the inheritance tax laws of 1913 [1] (1913 Act) which impose personal liability on the personal representative and the heirs for death taxes until they are paid. The

1. Acts 1913, ch. 47, § 5.

Tax Division then claimed a $643.66 inheritance tax on the estate of Jane H. Puett based on the 1913 Act's tax rate of 1½ percent of the clear market value of the property transferred. Additionally, the Tax Division, pursuant to the 1913 Act, claimed $2,336.49 in accrued interest against the estate. The final allegation of the Tax Division's petition read as follows: "Tax and interest deficiency of $2,980.15 plus $.10 per day after September 9, 1979."

Following a hearing on the Tax Division's petition, the trial court, having taken the matter under advisement, denied the petition, finding that

"[T]he State of Indiana has failed to carry their burden of proof as to the valuation of the real estate in question at the time of the death of Jane H. Puett, deceased.

And the Court being duly advised further finds that the State of Indiana has abandoned any and all claim for inheritance taxes, and has further negligently failed to pursue any taxes which might have been due at the time of the death of Jane H. Puett."

## ISSUES

The Tax Division presents two issues on appeal which we restate as follows:

I. Whether the trial court erred in finding that the Tax Division had abandoned any claim for inheritance taxes, and

II. Whether the trial court erred in finding that the Tax Division had failed to carry its burden of proof as to the valuation of the property transferred from the estate at the time of the death of Jane H. Puett.

We will not discuss Issue II since Issue I is dispositive.

## DISCUSSION AND DECISION

*Issue I. Statute of Limitation*

■ In resolution of the case, it is important to note the underlying Will of James W. Puett, husband to Jane H. Puett. The Will established as follows: James W. Puett died in 1909 and by Will devised the real estate to Jane H. Puett for life, thereafter to Ruth P. Cox for life, and the remainder in fee to the children of Ruth P. Cox, then living, and if none are then living, to Alice, Ida, and Laura Hendrixson in fee, if living. The contingent remainders to the children of Ruth P. Cox and to the Hendrixsons failed for the reason that none survived the two life tenants. Jane H. Puett died in 1917, and as residuary legatee under the Will of James W. Puett, she possessed a possibility of reverter should the contingent remaindermen predecease the aforementioned life estate holders. The first inheritance tax law was passed in 1913, and, of course, it is elementary that no inheritance tax could be levied on property transferred prior to the date of passage. The life estates to Jane H. Puett, Ruth P. Cox, and the contingent remainders, all being transfers prior to 1913, are not, and were not taxable transfers. The only taxable transfer occurring after 1913 was the possibility of reverter which passed to the heirs of Jane H. Puett upon her death in 1917.

■ Ordinarily, where a testator has devised future estates, the present value of the future estate, life estates, and remainders, are determined at his death according to appropriate statutory methods, tables, and actuarial formulae. Then, the tax is assessed and paid during administration by the personal representative. Here, the taxable interest in the estate of Jane H. Puett was the present value of the possibility of reverter in 1917.

In the instant case, the State has hurdled this complex problem with the following, as a totality of their argument:

"At the time of her death in 1917 Jane H. Puett did not possess the $140,462.20. All she possessed was a life estate in the property which terminated at her death. Therefore, the State of Indiana could not pursue the taxes until 1977 when it was determined that her estate was being enhanced by property which had reverted to her husband's estate and then passed into her estate."

The State has attempted to tax the entire value of the real estate at 1977 prices, as though the taxable transfer occurred in 1977 and the estate of Jane H. Puett was a transferee. Such is not the case. The State makes no attempt to explain how the possibility of reverter, separated by two non-taxable life estates and two non-taxable contingent remainders could be taxed to the full value of the real estate 60 years after the decedent's death. Error must be demonstrated, and the burden is upon the appellant, for the court will not presume error. *Wireman v. Wireman*, (1976) 168 Ind.App. 295, 343 N.E.2d 292. The record discloses no evidence, and the briefs disclose no argument by which the possibility of reverter could be valued.

Assuming that a taxable interest existed in 1917 in the possibility of reverter, we now examine the Tax Division's contention that pursuant to the 1913 Act the personal representative and heirs to the decedent's estate remain personally liable for the taxes on the transfer of the property until the taxes are paid, citing *State, Indiana Department of State Revenue v. Lees*, (1980) Ind.App., 418 N.E.2d 226.

In *Lees*, the court interpreted and applied a 1957 amendment of the inheritance tax statutes; however, Jane H. Puett died in 1917, and therefore, it is the case of *In Re Batt's Estate*, (1942) 220 Ind. 193, 41 N.E.2d 365, which is dispositive, not *Lees*. In *Batt's*, the Indiana Supreme Court held that a 1937 inheritance tax provision, limiting the time for bringing an action to determine inheritance tax to within ten years of a decedent's death, applied retroactively to the estate of a decedent who died prior to its enactment. The court stated:

> "In construing statutes, the effort is to find the legislative intent. The statute here involved is clear and unambiguous. That part of the section above the proviso is a reenactment. Only the proviso is new. It is a statute of limitation and repose. It is in effect a time limitation on the prosecution of proceedings to collect inheritance taxes. From the earliest times it has been held by this court that

such statutes operate retrospectively as well as prospectively. It was pointed out in *State ex rel. Trimble v. Swope et al.* (1855), 7 Ind. 91, 94, 95, that:

> '... this is the whole current of the common law decisions. The assembly must, therefore, be presumed to have legislated with reference to that construction. ... In the absence of a legislative rule, the decisions on the former act furnish the rule of construction for the latter.

> 'This view is greatly strengthened by the fact that it is customary for the legislature itself to limit the operation of such acts, where they are not intended to affect rights of action already accrued.' "

220 Ind. at 199, 41 N.E.2d 365.

■ Generally, statutes of limitation begin to run at the time when a right of action arises, or when a person becomes liable to an action, even though the plaintiff may not learn of the act until later. *French v. Hickman Moving and Storage*, (1980) Ind.App., 400 N.E.2d 1384. Statutes of limitation are statutes of repose founded upon a rule of necessity and convenience and the well-being of society. *Short v. Texaco, Inc.*, (1980) Ind., 406 N.E.2d 625. While it is true that the statute of limitations in force at the time of a suit governs, even though it may shorten or lengthen the period of limitation, *Dodd v. Kiefer*, (1981) Ind.App., 416 N.E.2d 463, if, while the old statute was in force and before the plaintiff's suit was commenced, the plaintiff's right of action was barred by that statute, no statute subsequently passed can renew the defendant's liability. *Green v. Karol*, (1976) 168 Ind.App. 467, 344 N.E.2d 106.

■ The taxation of property interests transferred at the time of death is governed entirely by statute. *Matter of the Estate of Compton*, (1980) Ind.App., 406 N.E.2d 365. The inheritance tax statutes are designed to tax the privilege of succeeding to property rights of deceased persons and the tax is imposed on the interest taken by the transferee and not on the property itself. *In Re Estate of Grotrian*, (1980) Ind.App., 405 N.E.2d 69. In case of doubt, the inheri-

tance tax statutes are to be interpreted and construed in favor of the taxpayer. *Lees, supra; State, Department of State Revenue v. The National Bank of Logansport,* (1980) Ind.App., 402 N.E.2d 1008.

At the death of Jane H. Puett in 1917, there were no proceedings taken to determine inheritance tax liability on the transfer of the decedent's property. Furthermore, the Tax Division never appraised the real estate pursuant to the 1913 Act, ch. 47 § 13(2):

> "Whenever a transfer of property is made upon which there is, or in any contingency there may be, a tax imposed, such property shall be appraised at its clear market value immediately upon the transfer or as soon thereafter as practicable. The value of every future or limited estate, income, interest or annuity dependent upon any life or lives in being, shall be determined by the rule, method and standard of mortality, and value employed by the auditor of state in ascertaining the value of policies of life insurance and annuities for the determination of liabilities of life insurance companies except that the rate of interest for making such computation shall be five per centum per annum."

In fact, the Tax Division waited more than 60 years to determine and impose inheritance taxes. While we agree with the Tax Division that there is no provision under the 1913 Act which limits liability for taxes due, the ruling in *Batt's, supra,* imposes a retroactive time limitation on the 1913 Act's tax liability provision. We hold the 1937 Act's ten year limitation provision applies retrospectively to the estate of Jane H. Puett as it did to the decedent's estate in *Batt's, supra.* In *Batt's* the court retrospectively enforced the 1937 Act's ten year limitation period upon a 1919 statute which was silent as to a limitation on tax liability.

In the case at bar, the Tax Division had until 1927, ten years after the decedent's death, or, at best, until ten years after the enactment of the 1937 Act, which put into effect the ten year limitation period, to bring proceedings to determine and collect the inheritance tax upon the transfer of the property in question.

Although the Tax Division would have us believe the 1957 inheritance tax statute and its amendments control, the instant case was barred before the effective date of the 1957 amendment changing the statute of limitations, and the amendment could not serve to remove the barred cause of action. The trial court did not err in finding that the State had failed to pursue any taxes which might have been due at the time of the death of Jane H. Puett.

Judgment affirmed.

RATLIFF, P. J., and ROBERTSON, J., concur.